[No. 14441.  Department Two.  April 26, 1918.]

*In the Matter of the Estate of* EDNA R. SPARK.
R. C. SUGG, *Administrator, et al., Appellants,* v.
C. C. GRIDLEY, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—FILING CLAIMS—NECESSITY—SECURED CREDITOR. It was not necessary for a secured creditor to file a claim against the estate, where the administrator, before the time for filing claims had expired, agreed with the claimant, who was secured by mortgage, to pay the mortgage debt out of the first proceeds of the sale of the mortgaged property, if the claimant would consent to the sale.

Appeal from an order of the superior court for Clarke county, Back, J., entered November 28, 1916, directing the payment of a claim against the estate of a decedent, after a hearing before the court.  Affirmed.

*R. C. Sugg* and *W. S. Cooper,* for appellants.

MOUNT, J.—This appeal is from an order of the superior court in probate, directing an administrator to pay a claim of the respondent for $300, and interest, as a preferred claim against the estate of Edna R. Spark, deceased.

The facts are stipulated. It appears therefrom that Edna R. Spark owned three-sevenths of her father's estate, having acquired one-seventh thereof under a will and two-sevenths by purchase from other heirs. Edna R. Spark was executrix under her father's will. During her lifetime she executed, for value, a note to

[1] Reported in 172 Pac. 545.

the respondent for $300 and interest. This note was secured by a mortgage upon her distributive share of her father's estate. Before the note was paid and the mortgage satisfied, she died. R. C. Sugg was thereupon appointed administrator *de bonis non* of her father' estate and administrator of her estate. Her estate consisted of the distributive three-sevenths share of her father's estate. Mr. Gridley filed no claim with the administrator of the estate of Edna R. Spark, relying, of course, upon his mortgage. When the original estate was ready to be distributed, the administrator promised Mr. Gridley that, if he would permit the estate to be sold, his mortgage would be first paid out of the proceeds of the sale. He agreed to this before the time expired for filing claims against the estate, and afterwards an order of the superior court was made permitting the estate to be sold. It was sold for $2,500, $500 of which was paid in cash and a first mortgage was given to the administrator for $2,000. The agreed facts do not state that Mr. Gridley released his mortgage of record, but we assume this was done because it is agreed that the purchaser gave back upon the sale a *first mortgage* for $2,000. After the sale, Mr. Gridley demanded payment of his note and mortgage as he had been promised by the administrator. All the interested parties were thereupon brought before the court, a hearing was had, and the court ordered the administrator to pay Mr. Gridley the amount of his note with interest. The administrator and the creditors of the estate appeal from that order.

It is argued by the appellants that, because Mr. Gridley filed no claim against the estate within time, his claim should not be allowed as a preferred claim. We think it is plain, under the facts stated, that he was not required to file his claim. The agreement between the administrator and Mr. Gridley that he should

waive his mortgage and that the property be sold in consideration of the payment of his note out of the first money received was in the nature of a settlement of the mortgage, which was, of course, a prior lien upon the estate. It was not necessary, under these circumstances, for Mr. Gridley to file a formal claim against the estate, because he had agreed with the administrator that the property be sold upon condition that his claim should be satisfied out of the first money received from the sale. To hold otherwise would permit the administrator to perpetrate a fraud upon the respondent.

The order appealed from was just and properly made, and is therefore affirmed.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.