[No. 15672.    Department Two.    September 15, 1920.]

*In the Matter of the Estate of* ELIAS J. BABCOCK. MRS. ROY LOUIS MATTESON, *Appellant*, v. LOUIS N. MOSS, *as Administrator etc., Respondent.*[1]

APPEAL (58, 180)—DECISIONS REVIEWABLE—FINALITY—SETTLING ACCOUNT—TIME FOR APPEAL. A decree settling the final account of an administrator is a final judgment, and notice of appeal given on September 30 from an order settling the account July 10, and from a supplemental decree of distribution August 26 is in time, under Laws of 1917, p. 706, § 221, allowing an appeal in probate in the manner provided by law for appeals in civil actions.

APPEAL (282)—RECORD—STATEMENT OF FACTS—NECESSITY. Upon appeal from an order settling the final account of an administrator which was based on evidence introduced at the hearing, questions raised on the facts cannot be considered in the absence of a statement of facts.

EXECUTORS AND ADMINISTRATORS (160)—SETTLEMENT OF ACCOUNT—COUNSEL FEES. Under Laws of 1917, p. 687, § 158, allowing to an executor or administrator necessary attorney's fees, they are to be allowed in such sum as the court deems just and reasonable; and it must be presumed, in the absence of a statement of facts, that the allowance was based on the services rendered as shown by the record.

Appeal from orders of the superior court for Spokane county, Huneke, J., entered December 19, 1917,

[1]Reported in 192 Pac. 939.

October 9, 1918, and July 10, and August 26, 1919, approving the final account of an administrator, etc., after hearings before the court. Affirmed.

*Alfred E. Putnam* and *Roy Louis Matteson*, for appellant.

*Lee & Kimball*, for respondent.

MOUNT, J.—This appeal is from several orders of the trial court approving the final account of the administrator with the will annexed of the estate of Elias J. Babcock, deceased.

It appears that respondent was appointed administrator of the estate on August 23, 1909. On July 13, 1917, the administrator was required to file a report and account of the estate. On September 26, 1917, a supplemental report was filed. Objections were filed to these reports and the appellant demanded the removal of the administrator. After a hearing upon these objections, the trial court entered an order on December 19, 1917, approving and settling the reports of the administrator and refusing to remove him. Thereafter, on October 9, 1918, the administrator filed his final account. On May 7, 1919, objections were filed to this final account. These objections were heard upon oral evidence introduced at the hearing, and the result was a final order entered on July 10, 1919, by the court, approving the final account and allowing the administrator a fee of $2,500, and his attorney a fee of $1,000. On August 22, 1919, a final supplemental report was filed, showing payment of all costs of administration; and upon August 26, 1919, a decree of distribution was entered. Thereafter, on September 30, 1919, notice of appeal by Mrs. Matteson, beneficiary under the will, was served upon respondent, reciting that the appeal was taken from the following orders:

(1) Judgment or decree signed and entered on December 19, 1917;

(2) Judgment or decree allowing report, filed on October 9, 1918;

(3) Judgment or decree signed and entered on July 10, 1919;

(4) Judgment or decree signed and entered on August 26, 1919.

No statement of facts has been filed in the case. A number of letters and statements of counsel were included in the transcript. These were not certified by the trial court. In January, 1920, respondent moved this court to strike from the record what purported to be a statement of facts contained in the transcript and to dismiss the appeal. On January 30, 1920, that part of the motion relating to the statement of facts was granted and the purported statement of facts was stricken. The motion for dismissal was passed to the hearing on the merits. We have repeatedly held that a decree settling the final account of an administrator is a final judgment. *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990; *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847; *Davis v. Seavey,* 95 Wash. 37, 163 Pac. 35, Ann. Cas. 1918 D 314, and cases cited.

The statute (Probate Code, ch. 156; Laws of 1917, p. 642), provides at § 221, p. 706, that any interested party may appeal from such order in the manner provided by law for appeals in civil actions. It is plain that the notice of appeal given on September 30, 1919, was given in sufficient time from the orders of July 10, 1919, and the subsequent order of August 26, 1919. The motion to dismiss must therefore be denied.

Each of the orders appealed from was based upon evidence introduced at the hearing. None of this evi-

dence is before us.  We therefore cannot consider the questions raised which are based upon the facts.  It is argued by the appellant that the court erred in allowing a fee of $2,500 to the administrator and a fee of $1,000 to the attorney, because the court had no power to allow any fee except those provided for in § 6314, Bal. Code.  That section was expressly repealed by Laws of 1917, p. 707, § 223, and was superseded by § 158 (p. 687), of that act, which provides:

"Where no compensation shall have been provided by will, or the executor shall renounce his claim thereto, he shall be allowed such compensation as to the court shall seem just and reasonable, based on the services rendered; and the like compensation shall be allowed to administrators.  In all cases where it is necessary for such executor or administrator to employ an attorney, such attorney shall be allowed such compensation as to the court shall seem just and reasonable."

No compensation was provided for by the will.  The trial court, therefore, was authorized by statute to make the allowance for fees.  We must assume, in the absence of a statement of facts, that the allowance was based on the services rendered, as shown by the proof.

So far as we can determine from the record before us, there was no error.  The orders appealed from are therefore affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.