[Nos. 16118, 16119. Department One. December 21, 1920.]

MATT BAUMGARTNER, *Appellant, v.* VERDA MOFFATT, *as Executrix, Respondent.*

JOHN KREHBIEL, *Appellant,* v. VERDA MOFFATT, *as Executrix, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (72)—CLAIMS—NECESSITY FOR PRESENTATION—WAIVER. Laws of 1917, pp. 672-674, §§ 107, 109, 113, require that all claims against an estate must be filed with the clerk of the superior court within the six months' period and cannot be waived by the executor or administrator.

SAME (81-1, 84)—FAILURE TO PRESENT—EXCUSES. Failure to present a claim against an estate is not excused by deceit and misrepresentation, where the alleged misrepresentations were not made until after the time had passed for filing claims.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered November 26, 1919, dismissing actions upon claims, upon sustaining demurrers to the complaints. Affirmed.

[1]Reported in 194 Pac. 392.

*Andrew Brown,* for appellant.
*Hal. H. Cole,* for respondent.

MACKINTOSH, J.—Respondent, as executrix of her deceased husband's estate, on December 5, 1918, published the first notice to creditors as called for by the statute. On March 11, 1919, the appellants (two actions presenting the same facts are here consolidated) served copies of their claims upon the respondent, but failed to file them with the clerk of the superior court, either within the six months after December 5, 1918, or at all. The executrix refused to allow the claims and the appellants began these two separate actions, to the complaints in which demurrers were sustained.

The complaints show the facts as they are above narrated, and in addition show that, on May 14, 1919, the attorney for the appellants wrote to the attorney for the respondent regarding the claims, to which letter the respondent's attorney replied on May 15, that he would investigate and stating that the estate would not be closed for several months. The respondent's attorney had no further communication from the appellants' attorney until July 11, 1919, at which time he wrote that he had investigated and discovered that the claims had not been filed.

Appellants claim that the actions are brought upon the theory that the respondent has been guilty of deceit and misrepresentation, causing them to delay action on their claims and asking that respondent be estopped from pleading the statute of limitations.

Chapter 156, Laws of 1917, pp. 672-674, §§ 107, 109 and 113, provide as follows:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper of the county . . . a notice that he has been appointed and has qualified as such exec-

utor or administrator, and therewith a notice to the creditors of the deceased requiring all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice. . . . If a claim be not filed within the time aforesaid, it shall be barred. . . ." (§ 107.)

"When a claim . . . has been served and filed, it shall be the duty of the executor or administrator to indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim, it shall be presented to the judge of the court, who shall in the same manner indorse on it his allowance or rejection. If the executor or administrator reject the claim in whole or in part, he shall notify the claimant forthwith of said rejection and file in the office of the clerk an affidavit showing such notification and the date thereof. Such notification shall be by personal service or registered mail.

"If the executor or administrator shall neglect for the period of sixty days after service upon him or his attorney to act upon any such claim, the claimant may take the matter up before the court and the court may require the executor or administrator to act on such claim and in its discretion may impose costs and attorney's fees." (§ 109.)

"No claim shall be allowed by the executor, administrator, or court which is barred by the statute of limitations." (§ 113.)

In *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784, we have recently held that claims against an estate must be filed with the clerk of the superior court within the six months' period, and this requirement cannot be waived by the administrator or executor of an estate. See, also, *Bank of Montreal v. Buchanan,* 32 Wash. 480, 73 Pac. 482; *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395; *Seattle*

*Nat. Bank v. Dickinson,* 72 Wash. 403, 130 Pac. 372; *Harvey v. Pocock,* 92 Wash. 625, 159 Pac. 771; *Empson v. Fortune,* 102 Wash. 16, 172 Pac. 873; *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13. This seems decisive of the controversy before us.

The statement of the facts relied upon as constituting deceit and misrepresentation shows that they could have had no such effect, for the alleged misrepresentations were made after the time had passed in which the claims could have been filed.

The facts pleaded do not bring this case within *Kennedy v. Burr,* 101 Wash. 61, 171 Pac. 1022, and *In re Spark's Estate,* 101 Wash. 462, 172 Pac. 545. The former case was one against the executrix personally for her fraud, and the latter case was one where there had been an express agreement to pay a secured claim, the court holding that it was not necessary to have filed such a claim.

The judgment is affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.