[No. 20790.   Department Two.   October 25, 1927.]

*In the Matter of the Estate of* JOHN KRUEGER, *Deceased.*

DR. FRANK W. PHELPS, *Appellant,* v. JOHN W. WHITHMAN, *Respondent.*[1]

[1] EXECUTORS AND ADMINISTRATORS (78, 82)—CLAIMS AGAINST ESTATE—TIME FOR PRESENTATION—EFFECT—NEW CLAIM ON ABANDONMENT. Under Rem. Comp. Stat., § 1371, authorizing the filing of claims against an estate within six months after notice to creditors, a claim rejected may be abandoned and a new claim filed at any time before the expiration of the six months limited to creditors.

Appeal from an order of the superior court for King county, in probate, Smith, J., entered March 26, 1927, denying a petition to require the executor to reject or allow a claim against the estate. Reversed.

*C. E. Remsberg* and *R. J. Boryer,* for appellant.

*John W. Whithman,* for respondent.

ASKREN, J.—On January 11, 1926, John W. Whithman was appointed executor of the estate of John Krueger, deceased. The notice to creditors to present their claims against the estate was duly published, the first publication being on January 22, 1926.

On January 20th, appellant served upon the executor his claim for professional services in the sum of $750. The claim was never filed with the clerk of the court. On March 19, 1926, the executor rejected the claim by a letter sent to the appellant, which read as follows:

"March 19th, 1926.

"Dr. Frank W. Phelps, Joshua Green Bldg.,
    Seattle, Washington.

"Dear Doctor: I cannot allow your claim against the estate of John Krueger, deceased, in the sum of

[1]Reported in 260 Pac. 248.

$750 or any other sum and the same is hereby rejected in toto. For your information I will state that the law requires that you file your claim with the clerk of the court as well as with the executor and that in case your claim is rejected you must begin an action within thirty days after notice of rejection or be forever barred.

"Yours truly, John W. Whithman."

The appellant apparently abandoned the claim as served, but had a new one drawn for the sum of $937.96, and this was served on the executor and filed with the clerk of the court on April 19, 1926. This, it will be seen, was thirty-one days after the date of the rejection of the first claim. On April 21st, the executor filed with the clerk the first claim which he had rejected.

The executor, deeming the second claim of no effect because it was served and filed thirty-one days after the rejection of the first one, refused to recognize it or take any action thereon, whereupon a petition was duly filed praying for an order requiring him to either reject or allow the claim. The court, upon hearing, held that there was no authority in law for the second claim, and concluded,

". . . that both the court and the executor are without jurisdiction to allow said claim or any part thereof."

This appeal followed.

[1] It is apparent that this appeal raises the single question: May a claimant abandon his claim, served upon an executor or administrator and rejected by him, and serve and file a new one any time within the six months period allowed by law to serve and file such claims? We think the question requires an affirmative answer, although we have never had the identical question here for decision before.

The statute, ch. 156, Laws of 1917, p. 642; Rem. Comp. Stat., § 1371, provides for notice to creditors

and requires the claims to be served on the executor or administrator and filed with the clerk of the court within six months after the first publication. We have held this to be mandatory. *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784, we held that a claim was invalid if not filed within the six months period, although served upon the administrator and approved by him during the six months period. This rule was reaffirmed in *Baumgartner v. Moffatt,* 113 Wash. 493, 194 Pac. 392.

In *Dillabaugh v. Brady,* 115 Wash. 76, 196 Pac. 627, we held that a claim properly filed and served but insufficient as to form could not be amended after the six months period.

In *Hammond v. Waddingham,* 127 Wash. 234, 220 Pac. 796, the question was raised as to whether an amended claim could be filed within the six months period, if the first claim was insufficient in form and rejected by the administratrix. We held that such a claim could be served and filed any time within the six months period, saying:

"When, as here, a claim is rejected because of insufficiency of form, we have no hesitancy in holding that, within the time allowed by law for filing, an amended claim may be filed for the purpose of curing such defect in form; . . ."

Respondent argues that the present claim is not one that was insufficient in form. It may be that it is sufficient to be a valid claim under the statute, but the letter of rejection does not give any reason therefor. But we do not think that the right to serve a new claim need rest upon the insufficiency of the first one. Every claimant has the full period of six months within which to file his claim. The provision in the statute that suit shall be brought within thirty days after rejection was undoubtedly to facilitate the handling and settling of

estates. Respondent has urged that, to permit the filing of a new claim would prevent the closing of estates; but it is plain from our previous decisions that no new claim can be filed or an old one amended after the expiration of the six months period, so that there is no possibility of the time for closing estates to be extended.

The instant claim, of course, presents a much stronger situation. The appellant never filed his claim with the court. Such a claim was not sufficient, therefore, to have been the basis of a suit thereon. Certainly the executor could not make the claim sufficient by filing it on his own initiative, where it was against the wishes of the claimant.

But we think the broad ground is the correct rule to follow, and hold that a claim, although served and filed, may, upon rejection by the executor, be abandoned and a new one filed and served, provided always that it be served and filed within the six months period.

A single illustration will serve to show the necessity of the rule. Let us suppose that a claimant files and serves his claim within a month after the first notice to creditors, and the executor rejects the claim. During the thirty days allowed in which to bring suit, the claimant ascertains that he is unable to furnish the necessary proof of his claim by reason of the absence of witnesses or certain documents. He does not bring suit because to do so would only result in defeat, with accrued costs, so he abandons the claim. But if, within the six months period, his witnesses return, or the documents are found, should he not be permitted to serve and file his new claim? If not, the claimant who, for any reason, is not sure of his proof, will withhold filing his claim until very near the expiration of the six months period; and the net result will be that a much larger number of claims will be filed at the close,

rather than at the beginning, of the administration of the estate.

The rule we here suggest prejudices in no manner the executor in handling the estate, delays its closing not a single day, and protects the rights of creditors— all desirable provisions for the administration of estates.

Judgment reversed, with instructions to require the executor to pass upon the claim.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.