[No. 28441.    Department One.    November 15, 1941.]

*In the Matter of the Estate of* GEORGE W. SYKES, *Deceased.*

LLOYD HOWARD, *as Administrator etc., Respondent,* v. WALTER G. SYKES *et al., Appellants.*[1]

[1]Reported in 118 P. (2d) 961.

*H. W. Arnold* and *McMullen & Snider,* for appellants.

*Cushing & Jones,* for respondent.

MAIN, J.—George W. Sykes and Walter G. Sykes, father and son, conducted a plumbing and sheet metal business in the city of Vancouver, this state. Genevieve M. Sykes, the wife of George W. Sykes, died August 1, 1933, testate. In her will, she appointed her husband executor and devised to him all of her estate. The executor named subsequently qualified and prepared an inventory, in which all of the property was listed as property of the community. In the inventory, under the heading of "plumbing and tinners' tools," there were something more than twenty items mentioned.

George W. Sykes died November 27, 1934. Walter G. Sykes was named administrator of his estate with the will annexed, and qualified as such. He was also named as administrator *de bonis non* with the will annexed of the estate of Genevieve M. Sykes. The latter estate was closed November 14, 1935, by an order which recited that the plumbing and tinners' tools which had not been sold, together with other property mentioned, should be distributed to the estate of George W. Sykes, deceased. Walter G. Sykes prepared an inventory in the estate of his father, in which he listed all of the property, including "assorted plumbing tools and supplies of all kinds," as the property of his father.

Sometime during the year 1940, some of the heirs of George W. Sykes filed a petition in his estate, asking that the estate be closed. Walter G. Sykes and Justina M. Sykes, his wife, filed a petition July 19, 1940, in which they asked that Walter G. Sykes be appointed administrator of the partnership assets. This petition, on its face and by the prayer, was for the purpose of

an accounting. No specific items of property, other than a general statement, were mentioned. After this petition was filed, the court removed Walter G. Sykes as administrator of his father's estate and appointed one Lloyd Howard.

In the petition for the right to administer upon the partnership assets, it is set out that George W. Sykes, during his lifetime, had invested in mining stock a considerable amount of the partnership money. While Walter G. Sykes was acting as administrator of that estate, he paid to himself, by checks, without authority of law, something over two thousand dollars. The petition states that he thought he had a right to do this in view of the fact that his father had invested the funds of the partnership in mining stock which had become worthless.

Walter G. Sykes did not, in the estate of Genevieve M. Sykes, ask to be appointed administrator of the partnership assets. Neither did he make such a request in the estate of his father. In this latter estate, the first request for appointment to be administrator of the alleged partnership assets was made in the petition above mentioned, and this was after a petition had been filed by interested parties asking that the estate be closed. No claim was at any time filed by Walter G. Sykes in the estate of his father.

The court denied the petitioners any relief and entered a judgment against them for the sum of $2,309.75, this being the amount of money which had been withdrawn illegally from the estate of George W. Sykes; and from this judgment they appealed.

Rem. Rev. Stat., § 1477 [P. C. § 9828], provides that every executor or administrator shall, immediately after his appointment, cause notice to be published in some newspaper printed in the county, requiring

"  .  .  .  all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice."

That statute is mandatory and is to be strictly construed, and under it an executor or administrator having a claim against the deceased must serve and file such claim within the same time as any other creditor. *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784; *Parchen v. Hauschild,* 159 Wash. 49, 292 Pac. 116; *Connell v. Tack,* 185 Wash. 489, 55 P. (2d) 1090.

It should be observed that the order closing and distributing the estate of Genevieve M. Sykes was not appealed  from and became a final judgment. *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac. 1116; *In re Babcock's Estate,* 112 Wash. 556, 192 Pac. 939.  As above stated, the order closing the estate of Genevieve M. Sykes and distributing the assets not previously disposed of, distributed such assets, which included plumbing and tinners' tools, to the estate of George W. Sykes, deceased.

The superior court correctly held that the appellants were not entitled to any relief which they sought in their petition.

The appellants make a number of other contentions which it is not necessary here to notice, because, under the holding herein indicated, those contentions present matters which are not material.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.