[No. 36090.   En Banc.   May 16, 1963.]

*In the Matter of the Estate of* WALTERA DOREY.

IRENE ZUBER *et al., Appellants,* v. GEORGE R. DOREY, as *Administrator, Respondent.**

*Savage & Lechner* and *C. A. Schneider*, for appellants.

* Reported in 381 P. (2d) 626.

*Wright, Booth & Beresford* (*Paul M. Anderson*, of counsel), for respondent.

OTT, C. J.—October 17, 1957, Waltera Dorey died intestate, leaving as her heirs, George R. Dorey, surviving spouse, and Irene Zuber and Richard Wojcik, both children of the decedent by a former marriage. November 15, 1957, George R. Dorey was appointed administrator, and, on November 22, 1957, caused notice to creditors to be published. No creditors' claims were filed. August 24, 1960, the estate was inventoried and appraised. The appraised value of the estate was $19,000, consisting of household furniture valued at $500, a residence property valued at $13,500, a $2,600 savings account, and cash in the sum of $2,400.

August 26, 1960, George R. Dorey petitioned the court for a $6,000 homestead award, and to have the entire estate awarded to him. He alleged in his petition that he was entitled to the remaining portion of the estate for the reason that he had advanced $4,000 of his separate funds to the marital community for the purchase of the residence property; that he had satisfied two mechanics' and materialmen's liens upon the residence totaling $1,298.67; that he had paid the expenses of last illness of the decedent in the sum of $4,221.28, and funeral expenses in the sum of $1,031.62; that he had agreed to pay $648.43 attorneys' fees for probating the estate and defending an action involving the mechanics' and materialmen's liens; that the court had awarded him $150 a month as a family allowance for 12 months; that these credits due him from the estate totaled $13,000, and that, with the $6,000 allowance as a homestead award, nothing remained for distribution.

Irene Zuber and Richard Wojcik appeared and objected to the administrator's being awarded reimbursement from the assets of the estate for items for which no creditor's claim had been filed.

At the hearing upon the petition, the court denied the administrator's request for reimbursement of the $4,000 item allegedly advanced from separate property. The court granted the administrator reimbursement from the assets

of the estate for all remaining items, as requested, but reduced reimbursement for expenses of last illness to $3,279.32. It granted the household furniture, valued at $500, and a lien upon the residence property in the sum of $5,500 as a homestead award, and ordered that the remaining value of the estate, in the sum of $5,240.63, "shall be subject to the laws of descent and distribution of the State of Washington."

From the judgment entered accordingly, Irene Zuber and Richard Wojcik have appealed.

Appellants do not question the validity of that portion of the decree which granted respondent the homestead award in the statutory amount of $6,000.

The sole issue is whether the court erred in allowing the administrator to be reimbursed from the assets of the estate for items of expense for which no creditors' claims were filed.

RCW 11.40.010 provides:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper printed in the county, if there be one, if not, then in such newspaper as may be designated by the court, a notice that he has been appointed and has qualified as such executor or administrator, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice. Such notice shall be published once in each week for three successive weeks. If a claim be not filed within the time aforesaid, it shall be barred. Proof by affidavit of the publisher of the publication of such notice shall be filed with the court: *Provided, however*, In cases where all the property is awarded to the widow, husband or children as in this act provided, the notice to creditors herein provided for may be omitted."

This estate does not qualify within the proviso of RCW 11.40.010 for the reason that all of the property in the estate could not be awarded as a homestead.

■ The cited statute provides that "If a claim be not filed within the time aforesaid, it shall be barred." Compli-

ance with the statute is mandatory. *First Sec. & Loan Co. v. Englehart*, 107 Wash. 86, 181 Pac. 13 (1919); *Davis v. Shepard*, 135 Wash. 124, 237 Pac. 21, 41 A.L.R. 163 (1925); *Horton v. McCord*, 158 Wash. 563, 291 Pac. 717 (1930); *Parchen v. Hauschild*, 159 Wash. 49, 292 Pac. 116 (1930); *In re Sykes' Estate*, 11 Wn. (2) 278, 118 P. (2d) 961 (1941); *In re Krueger's Estate*, 11 Wn. (2d) 329, 119 P. (2d) 312 (1941). The administrator or executor cannot waive the requirements of the statute. *Baumgartner v. Moffatt*, 113 Wash. 493, 194 Pac. 392 (1920); *New York Merchandise Co. v. Stout*, 43 Wn. (2d) 825, 264 P. (2d) 863 (1953).

█ RCW 11.40.140 provides that, when the administrator or executor is a creditor of the testator or intestate, he shall file a claim. Such a claim is subject to the same bar of the statute as that of any other creditor. *Connell v. Tack*, 185 Wash. 489, 55 P. (2d) 1090 (1936); *In re Sykes' Estate*, supra.

█ The expense of last illness is a debt which accrued during the lifetime of the decedent, and is an item for which a claim must be filed. RCW 11.40.010, 11.40.020. In *Tucker v. Brown*, 20 Wn. (2d) 740, 796, 150 P. (2d) 604 (1944), we said:

"The general rule is that an administrator is a trustee of the estate funds. He is bound by the statute, Rem. Rev. Stat., § 1484 [P. C. § 9835], relative to the filing of claims, and cannot waive, as against the rights of heirs or creditors, any requirement of the statute. [Citing cases.]"

Respondent contends, however, that the homestead exemption statute, *infra*, requires that, when he establishes that he has paid the expense, he is to be reimbursed out of the assets of the estate.

RCW 11.52.010 provides:

"If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any,

property of the estate, either community or separate, not exceeding the value of six thousand dollars at the time of death, exclusive of general taxes and special assessments which were liens at the time of the death of the deceased spouse, and exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, and exclusive of funeral expenses, expenses of last sickness and administration, which expenses may be deducted from the gross value in determining the value to be set off to the surviving spouse; provided that the court shall have no jurisdiction to make such award unless the petition therefor is filed with the clerk within six years from the date of the death of the person whose estate is being administered."

RCW 11.52.020 provides in part:

"In event a homestead has been, or shall be selected in the manner provided by law, whether the selection of such homestead results in vesting the complete or partial title in the survivor, it shall be the duty of the court, upon petition of any person interested, and upon being satisfied that the value thereof does not exceed six thousand dollars at the time of the death, exclusive of general taxes and special assessments which were liens at the time of the death of the deceased and exclusive of mortgages, mechanic's, laborer's, materialmen's or vendor's liens thereon, and exclusive of funeral expenses, expenses of last sickness and of administration, which expenses may be deducted from the gross value in determining the value to be set off to the surviving spouse, to enter a decree, upon notice as provided in RCW 11.52.014 or upon longer notice if the court so orders, setting off and awarding such homestead to the survivor, thereby vesting the title thereto in fee simple in the survivor: . . . ."

■ The legislature provided that the specified items "may be deducted from the gross value in determining the value to be set off to the surviving spouse." By statute, the deductions are for the purpose of determining whether there is sufficient property over and above the preferred items to grant the homestead award.

The statute establishes an accounting procedure by which certain items of expense can be deducted from "the gross value in determining the value [not to exceed $6,000] to be

set off to the surviving spouse." It limits consideration of the deductible items for the sole purpose of determining the gross and net value of the estate.

There is nothing in the homestead exemption statute which indicates a legislative intent to grant to a homestead petitioner reimbursement out of the assets of the estate for expenses of last illness for which no claim has been filed. Nor does it authorize reinstatement of a claim for expenses of last illness which has been outlawed as a legal debt against the estate for more than 2 years and 3 months. Nor is there anything in the homestead exemption statute which establishes a legislative intent that, at the hearing upon a petition for a homestead award, the amount or the legality of the alleged preferred claims can be adjudicated and ordered paid. The express legislative intent is to the contrary. RCW 11.52.012 provides in part:

"The property so set off shall include the home and household goods, if any, and such award . . . shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, *but the remainder of the estate shall be settled as other estates*: . . ." (Italics ours.)

The remainder of the estate includes everything other than the homestead award, which, by statute, is limited to a value of $6,000.

The court exceeded its jurisdiction at the hearing on the petition for a homestead award when it granted to the respondent anything in excess of the $6,000 homestead award.

The cause is remanded with instructions to modify the award to the respondent in accordance with the views herein expressed. As so modified, the judgment is affirmed.

The appellants will recover costs.

HILL, DONWORTH, WEAVER, HUNTER, and HAMILTON, JJ., concur.

ROSELLINI, J. (dissenting)—The effect of the majority ruling will be that in any estate, the appraised value of which is more than $6,000, it will be necessary to have a

hearing on the final accounting with the attendant increased cost for notice and costs of administration, even though the value in excess of $6,000 is offset by the deductions listed in RCW 11.52.010.

The majority reads out of RCW 11.52.010 the following words: " . . . which expenses may be deducted from the gross value in determining the value to be set off to the surviving spouse." The result of this deletion is that whenever an estate is appraised above $6,000, even though the deductions together with a homestead allowance exhausts the estate, the following language is read out of RCW 11.40.010:

" . . . In cases where all the property is awarded to the widow, husband or children as in this act provided, the notice to creditors herein provided for may be omitted."

Such an unrealistic interpretation is bound to create disgruntlement among heirs and will hasten the day when the people will demand a public administrator of estates.

The appeal raises only one issue: Where a surviving spouse petitions the court to have property set aside in lieu of homestead and shows to the court that the expenses of last illness and funeral expenses have been paid, is he entitled to have the expenses deducted from the gross estate if no claim for them has been filed with the administrator or executor?

The agreed statement of facts and the records disclose that the court pursuant to a 10-day notice as provided by RCW 11.52.014, held a trial upon the respondent's petition for an award in lieu of homestead and family allowance. At the trial Irene Zuber, the daughter, and Richard Wojcik, a son of the respondent's deceased wife, filed their objections to the petition of the respondent. Each appeared by his own and separate attorney. The court, after hearing evidence from all the parties and at the conclusion of the trial, allowed as deductions from the gross value of the estate: funeral and burial expenses paid by the respondent, $1,031.62; expenses of last illness paid by the respondent, $3,279.32; mechanics' and materialmen's liens, $1,000; family allowance granted by the court, $1,800; and attorneys' fees

paid to the attorneys for the administrator, $648.43. This reduced the net estate to $11,240.63. Out of this amount the respondent was awarded property in lieu of homestead of the value of $6,000. The remainder of the estate was, by decree, made subject to further administration.

The appellants, who were objectors in the trial court, do not question the propriety of the award in lieu of homestead or family allowance; but they contend that the funeral expenses and expenses of last illness paid by the respondent should not have been deducted in arriving at the net value of the estate, for the reason that no claim for these expenses was filed in the estate. The majority has not only sustained this contention, but has gone further and held that none of the deductible items are deductible at the time of the award in lieu of homestead.

The trial court was of the opinion that, under the provisions of RCW 11.52.010, no claim is required in a proceeding of this type.

RCW 11.40.010 provides for a publication of notice to creditors, requiring that claims be filed within 6 months after the first publication of such notice. A proviso to the section reads:

". . . In cases where all the property is awarded to the widow, husband or children as in this act provided, the notice to creditors herein provided for may be omitted."

RCW 11.52.010 provides:

"If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of six thousand dollars at the time of death, exclusive of general taxes and special assessments which were liens at the time of the death of the deceased spouse, and exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, and exclusive of funeral expenses, expenses of last sick-

ness and administration, which expenses may be deducted from the gross value in determining the value to be set off to the surviving spouse. . . ."

RCW 11.52.012 provides:

"The property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . ."

RCW 11.52.016 provides:

"The order of judgment of the court making the award or awards provided for in RCW 11.52.010 through 11.52.024 shall be conclusive and final, except on appeal and except for fraud. . . ."

To paraphrase these provisions: a surviving spouse may petition the court for an award in lieu of homestead, which shall be exempt from the claims of creditors or other heirs. He must show to the court that the funeral expenses, expenses of last illness, and of administration have been paid or provided for. Property of the estate of a value not to exceed $6,000 shall be awarded to him, and in arriving at this value, the court shall deduct from the gross value of the *property awarded* the unpaid taxes, liens, and other encumbrances, and the amount of expenses of last illness, funeral expenses, and expense of administration. In other words, the value of the property awarded to the surviving spouse shall be not more than $6,000, *plus* the amount of unpaid taxes, liens, or other encumbrances, *plus* the amount of funeral expenses, the expenses of last illness, and of administration. When this property has been set off and awarded to the surviving spouse, *title shall vest in him*, and the property shall not be subject to further administration.

Manifestly, it was the legislative intent that the surviving spouse should have his homestead award free and clear of encumbrances and claims of creditors, and that if he paid the expenses of last illness, funeral expenses, and expense of administration, he is entitled to reimbursement. Otherwise, if he has not filed a claim, his award would be reduced

by the amount of such expenses that he has paid, thus defeating the legislative purpose.

It is evident that the legislature did not intend to make the filing of a claim a condition precedent to the deduction of funeral expenses and expenses of last illness, in arriving at the net estate, the only requirement being that such expenses have been paid or provided for. No reference is made to a "claim"; rather the reference is to "expenses," and if payment or provision for payment has been made, the items are deductible. The rights of all interested parties are protected inasmuch as the court, in allowing the deductions, must determine that the funeral expenses and expenses of last illness are unreasonable under the circumstances.

Under RCW 11.52.016, the judgment of the court making the award is the final order, from which an appeal may be taken.

That the legislature did not contemplate that the nonclaim statute should apply in a proceeding on a petition for an award in lieu of homestead, is indicated by the proviso to RCW 11.40.010, which eliminates the requirement of notice to creditors where the entire estate is consumed by an award in lieu of homestead. If there is no requirement that the notice be published, there is no requirement that a claim be filed; for the 6-month period of limitation would never begin to run.

If the terms of the proviso to RCW 11.40.010 are to be given effect, no claim is necessary if the entire estate is consumed by the homestead award. Under the terms of the statute, the deductions can be subtracted from the actual value of the property awarded as a homestead in arriving at the $6,000 value which is guaranteed to the spouse, free and clear of these (the deductible) expenses and encumbrances. If, as the majority holds, a claim is necessary if the entire estate is not consumed by the award, the question of whether a claim must be filed depends upon the size of the estate and nothing more.

There is nothing sacrosanct in the probate law requiring the filing of a claim. The rights of all interested parties are protected under the statute providing for the award in lieu of homestead, which requires the giving of notice and a trial upon the merits, at which all of the interested parties may appear and be heard. The reasonableness and propriety of all deductions must be presented to the court for determination, and the order of the award is the final judgment, which is appealable. This being so, there appears to be no consideration of public policy which would require the anomalous interpretation of the homestead statute that a claim need not be filed where the estate is consumed by the homestead award, but that a claim must be filed to obtain the same award if the estate is not exhausted by such award.

The award in lieu of homestead is property the value of which exceeds the award by the amount of liens, encumbrances, and the expenses of funeral, last illness, and administration. When the deductions have been taken from the total value of the property and it has been determined that the remainder does not exceed $6,000, the property is awarded to the surviving spouse, title to it vests in him, and the estate is closed.

If the surviving spouse proves to the satisfaction of the court that the funeral expenses and expenses of last illness are paid or provided for, under the clear and unambiguous language of the statute, he is entitled to the deductions provided by RCW 11.52.010.

I would affirm.

FINLEY and HALE, JJ., concur with ROSELLINI, J.

---

September 17, 1963. Petition for rehearing denied.