[No. 100-41058-3.    Division Three.    June 29, 1970.]

*In the Matter of the Estate of* WILLIAM MONROE HAYES, *Deceased.*

HARRY HAZEL, *as Guardian, Appellant,* v. SEATTLE-FIRST NATIONAL BANK, *as Executor, Respondent.*

*Perry J. Robinson* and *Harry Hazel,* for appellant.

*Gavin, Robinson, Kendrick, Redman & Mays, William H. Mays,* and *Stanley S. Pratt,* for respondent.

GREEN, J.—The guardian ad litem for Shirley Hayes Fisher, decedent's surviving spouse, appeals from an order approving a final account and a decree of distribution allowing an executor's claim for reimbursement in a probate.

This appeal was submitted on an agreed statement of facts. Decedent, William Monroe Hayes, died July 13, 1965. On July 19, 1965, his nonintervention will was admitted to probate; the Seattle-First National Bank was appointed executor. On the same date, an order of solvency was entered and the executor proceeded to administer the estate without court intervention.

Prior to his death, decedent owned and operated the Buena Market and Buena Farm Supply in Buena, Washington. Bernice Eshelman, who managed these businesses for many prior years, was employed by the executor to continue in that capacity as specifically requested in the codicil to decedent's last will. In the management of the businesses, she paid out of business income valid pre-death business debts totaling $7,144.10, and current obligations. No creditors' claims were filed for these debts against the decedent's estate. When the executor realized that $7,144.10 in pre-death business debts had been paid by Mrs. Eshelman without claims having first been filed, it served and filed within the time allowed by law a claim for reimbursement. The executor did not reimburse the estate for the payment of these pre-death debts, and accordingly, the executor did not pay itself the sum set forth in its creditor's claim. Prior to hearing upon the executor's final report and petition for distribution, decedent's wife filed objections to the allowance of the executor's claim. The trial judge overruled the objection and approved the final report and petition for distribution.

Appellant contends, as she did in the lower court, that no claim against an estate can be paid unless a valid claim is timely served upon the executor and filed by the creditor. Since none of the pre-death business creditors filed claims against the estate, the executor was not authorized to pay the creditors; hence, the executor's claim for reimbursement should be disallowed. Appellant relies upon RCW 11.40.010 wherein it is stated:

If a claim be not filed within the time aforesaid, it shall be barred, . . .

asserting compliance with this provision is mandatory and cannot be waived by an executor, citing *In re Estate of Krueger,* 11 Wn.2d 329, 119 P.2d 312 (1941); *Davis v. Shepard,* 135 Wash. 124, 237 P. 21, 41 A.L.R. 163 (1925); *In re Estate of Dorey,* 62 Wn.2d 152, 153, 381 P.2d 626 (1963); *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969). We are

of the opinion that appellant's contentions cannot be sustained under the facts of this case.

The codicil to decedent's will specifically requested that Bernice Eshelman be employed by the trustee-executor to actively manage the businesses in the same manner as she had over the past 15 years. Since decedent's will was a nonintervention will, the executor was authorized after the entry of an order of solvency to continue the operation of decedent's business without court intervention or order. RCW 11.48.025; *New York Merchandise Co. v. Stout,* 43 Wn.2d 825, 264 P.2d 863 (1953); RCW 11.68.010. Payment of the pre-death debts was incidental to the continuation of the business and fulfilled the testator's intent expressed in the will. The executor timely filed a claim for reimbursement setting forth the names and amount paid to each of the creditors. In *Jones v. Peabody,* 182 Wash. 148, 158, 45 P.2d 915, 100 A.L.R. 64 (1935), it was held that where a service was rendered during decedent's lifetime and paid after decedent's death without presentation of a creditor's claim, an executor would not be held personally responsible for the funds paid out where the court in its final order approved the payment and the estate was not prejudiced thereby. The exact situation exists in this case and the trial judge properly relied upon *Jones v. Peabody, supra,* in overruling appellant's objection.

Unlike the instant case, *Davis v. Shepard, supra, Ruth v. Dight, supra,* and *In re Estate of Dorey, supra,* relied upon by appellant, all involved claims by creditors or the executor for reimbursement that were not timely filed and RCW 11.40.010 or its predecessor was applied to bar the claim. *In re Estate of Krueger, supra,* relied upon by appellant, held that intermediate ex parte orders entered without notice in a probate are prima facie correct but can be challenged by a creditor alleging wrongful payment to other creditors on hearing of the final account and petition for distribution. As a result, the case was sent back for hearing upon the creditor's objection. *Krueger* is distinguishable from the instant case on many grounds—the estate was insolvent; the credi-

tor's right to a pro-rata payment was impaired if the executor paid another creditor as alleged in the objection to the final account; mismanagement of the estate by the executor was claimed; and there is no indication the executor timely filed a claim for reimbursement.

In the instant case, appellant does not attack the validity of the debts, the merits of the executor's timely claim for reimbursement, nor is any prejudice claimed to result from approval of the claim. In *Jones v. Peabody, supra,* the court under similar circumstances approved a payment to creditors even though no claim for reimbursement was timely filed by the executor. In the instant case, the executor went further and timely filed a claim for reimbursement. (It is of no significance that the executor failed to reimburse the estate for the monies paid by Mrs. Eshelman so it could be reimbursed upon approval of its claim—such would have involved a useless act.) In effect, the executor stood in the shoes of the creditors and became a creditor of the estate. To hold the executor personally responsible for these debts under the facts of this case would unjustly enrich the estate.

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.

―――――――――

Petition for rehearing denied July 23, 1970.