[No. 16240. Department One. March 22, 1921.]

MARGARET JANE DILLABOUGH, *Appellant,* v. JOHN W. BRADY, *as Administrator, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (81)—CLAIMS—PRESENTATION—VERIFICATIÓN—SUFFICIENCY. A claim against a decedent's estate presented to the administrator is insufficient, under Laws 1917, p. 642, § 108, unless the affidavit of claimant states that there are no offsets thereto.

SAME (78, 79)—CLAIMS—AMENDMENT. The amendment of a claim against a decedent's estate so as to supply a sufficient verification is not permissible under the statute after the expiration of the time for filing claims.

JUDGMENT (236-1)—BAR—RES ADJUDICATA—PROBATE PROCEEDINGS. An order of the court in probate proceedings permitting the amendment of a claim after the expiration of the statutory period for presentation, but without allowing the claim as amended, would not constitute res judicata.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 28, 1920, dismissing an action to enforce a claim against an estate, upon sustaining a demurrer to the complaint. Affirmed.

*Anthony M. Arntson,* for appellant.

*F. Campbell,* for respondent.

BRIDGES, J.—This case chiefly concerns the sufficiency of the verification of a claim of indebtedness presented

[1]Reported in 196 Pac. 627.

to an administrator. The facts were as follows: With-in the statutory time for presenting and filing claims, the appellant presented her claim to the respondent as administrator of the estate of George Dillabough, deceased, and caused it to be filed. This claim appears to have been drawn by attorneys in Canada, and does not follow the usual form. However, it is unquestionably sufficient unless the failure of the verification to state that there were no offsets makes it bad. The claim was rejected by the administrator and this suit was instituted thereon.

The claim was made a part of the complaint and a demurrer thereto was sustained. Thereupon, and after the time provided by the statute for presenting claims had expired, the plaintiff, with permission of the probate court, filed with the clerk of court, and served upon the administrator, an amended claim, which was in substance the same as the original claim, except it was verified as the statute requires. These additional facts were then plead in an amended complaint. A demurrer thereto was sustained and the action dismissed. From that judgment, the plaintiff has appealed.

Appellant first contends that the original claim, which was set up in the original complaint, was in law sufficient and that the court erred in sustaining the demurrer to the original complaint. The 1917 probate law, found at page 642, Laws of 1917, is controlling of this case. Section 107 provides that, if a claim be not presented and filed within six months after the date of the first publication of notice to creditors, it shall be barred. Section 114 provides that no action shall be maintained on any claim against a decedent's estate unless the same shall have been presented to the administrator, as in the act provided. Section 108 provides:

"Every claim served and filed as above provided shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no offsets to the same to the knowledge of the claimant."

Section 109 provides that,

"When a claim accompanied by the affidavit required in the preceding section has been served and filed, it shall be the duty of the executor or administrator to endorse thereon his allowance or rejection, with the day and date thereof."

Section 112 provides that suit on any rejected claim must be brought within thirty days after notification of the rejection. It will thus be noticed that the statute expressly requires that the affidavit to a claim must contain the statement that there are no offsets. We have held that these provisions of the probate code are mandatory and must be strictly followed. *Empson v. Fortune*, 102 Wash. 16, 172 Pac. 873, and cases there cited. *Ward v. Magaha*, 71 Wash. 679, 129 Pac. 395; *In re Parkes' Estate*, 105 Wash. 586, 178 Pac. 830; *First Security & Loan Co. v. Englehart*, 107 Wash. 86, 181 Pac. 13.

We have also held that the administrator or executor cannot waive these statutory requirements. *Baumgartner v. Moffatt*, 113 Wash. 493, 194 Pac. 392, and cases there cited; *In re Thompson's Estate*, 110 Wash. 635, 188 Pac. 784. In the case of *Empson v. Fortune, supra,* we discussed the question of necessity of supporting a claim by an oath, and after citing cases, we said:

"By these decisions it has become the settled law of this state that the proper presentation of a claim is a fact to be proven essential to the cause of action, and that an executor or administrator cannot, because of the mandatory provisions of our claim statute,

waive such presentation so as to estop himself from defending upon the ground of want of such proper presentation.''

In the case of *First Security & Loan Co. v. Engle-hart, supra,* discussing this general question, we said:

''Appellant's second point is important because only an unsworn statement of the claim was furnished by the bank. We have seen that the statute at all times since 1897 required *every* executor to give notice to creditors to present their claims. By § 108 (p. 673) of the probate code of 1917, 'every claim served and filed' and by the prior law, Rem. Code, § 1473, 'every claim presented' is required to be supported by the affidavit of the claimant that the amount is justly due, no payments have been made thereon and there are no offsets to the same. To declare that there may be a proper presentation of a claim against an estate without its being supported by the affidavit of the claimant would at once nullify the law.''

An administrator is always at a disadvantage in these claim matters. He has only incidental ways of learning whether the decedent owes the claim or whether it is due or whether there are offsets. But the claimant has all this information and it is very essential that he furnish it, under oath, to the adminis-trator. The legislature, doubtless, had these things in mind when it enacted the provision of the law making it mandatory that the claimant verify his claim in the manner designated.

But appellant insists that she had a right, with the permission of the probate court, to amend her claim by supplying a sufficient verification, even after the statutory time for filing claims had expired; that the claim as amended is the same one which was filed and served within the statutory period; and that for these reasons the court erred in sustaining the demurrer to the amended complaint. But we would be illogical

if we so held. If we should hold that a defectively verified claim may be amended after the time for filing claims has expired, then, by like reasoning, we would be required to hold that a claim which had not been sworn to at all could be amended after the six months' period, so as to supply the omitted oath. It would be only a step further in the same direction to hold that the whole claim may be filed after the six months' limitation.

We have often held that the administrator has no power to waive any of these mandatory provisions of the statute. If the administrator cannot waive them, the court cannot authorize him so to do. The amended complaint cannot be held to be stronger or less vulnerable to attack than the original complaint.

But appellant argues that, inasmuch as the court permitted her to amend her claim in the probate proceedings, and no appeal was taken therefrom, the whole matter is *res judicata*. If the probate court had made a judgment allowing the claim as amended and ordering it to be paid, there might be some ground for this argument. The court did nothing more than permit the appellant to file an amended claim. She might have done this without any order of the court.

Appellant has cited cases from other courts which seem to hold that defective claims might be amended after the expiration of the time for filing them. Those cases have been carefully examined, but they are not helpful. Most of them are with reference to corrections of things about which the statute was silent; others involve statutes radically different from ours.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.