[No. 18040. Department Two. December 4, 1923.]

## M. E. HAMMOND, *Respondent*, v. FLORENCE I. WADDINGHAM, *as Administratrix of the Estate of W. J. Waddingham, Deceased, Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (78, 79)—CLAIMS—AMENDMENT—TIME FOR FILING. Where a claim against an estate is rejected because of insufficiency of form, an amended claim may be filed at any time within the six months allowed for the filing of claims.

SAME (78, 79)—CLAIMS—AMENDMENT—ENFORCEMENT OF CLAIM—LIMITATIONS. Where suit was brought upon a defective claim against an estate, and an amended claim was filed within the six months limited by law, an amended complaint in the action, setting up the amended claim and rejection thereof, cannot be treated as a timely commencement of an action on the amended claim, where the amended complaint was not filed for more than thirty days after rejection of the amended claim.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Ralston, J., entered March 20, 1923, upon findings in favor of the plaintiff, in an action to enforce a claim against an estate, tried to the court. Reversed.

*James A. Dougan,* for appellant.

*John Mills Day,* for respondent.

TOLMAN, J.—Respondent is the payee in, and the owner of, three certain promissory notes, made by one W. J. Waddingham, since deceased, of whose estate the appellant is the administratrix. On the 19th day of October, 1921, a claim against the estate, based upon these notes, was served upon the administratrix and a copy filed with the clerk of the court in the probate proceedings. The claim was verified by the attorney for the respondent, no reason being stated in the verification why it was not or could not have been verified

[1]Reported in 220 Pac. 796.

by the claimant; though it afterwards appeared by the testimony in the case that the attorney had possession of the notes, and at the time did not know, and could not ascertain, the whereabouts of his client. The claim was rejected by the administratrix, and thereafter and within thirty days a suit was brought thereon by respondent as plaintiff, and the prayer of the complaint was that plaintiff be allowed to file with the administratrix an amended claim verified by himself in person; that he recover the full amount due on the notes, both principal and interest, an attorney's fee and costs of suit.

While the suit was pending, an amended claim, similar in all respects with the original save that it was verified by the respondent in person, was duly filed, and this amended claim was likewise rejected by the administratrix on February 19, 1922. Nothing was done thereafter until respondent, on November 4, 1922, served, and on November 8, 1922, filed an amended complaint in the same cause, setting up in addition to the matters contained in the original complaint allegations to the effect that, within thirty days after the rejection of the claim as originally filed, he brought suit on the claim; thereafter an amended claim, duly verified by the respondent in person, was filed on February 10, 1922, all within six months from the date of the first publication of notice to creditors, and other matters not necessary to be now noticed. A demurrer was interposed to the amended complaint and overruled. Appellant then answered, setting up as affirmative defenses the irregularity of the first claim, and that the action was barred by the statute of limitations because not commenced within the time provided in the probate code. Upon the trial, appellant objected to the introduction of both the original and the amended claims on the ground that they were invalid, and objected to

the introduction of any evidence on the ground that the amended complaint showed on its face that the claim was barred. These objections were overruled and the same points were raised by motion for judgment at the close of plaintiff's case, which was also denied, and judgment entered for the full amount claimed, from which judgment the defendant has appealed.

The case presents rather clear-cut questions of law, and they are stated and argued substantially as follows:

(1) Was the original claim defective, and if so, was the defect one which might be cured by amendment?

(2) If so, was the claim properly amended in time to cure the defect?

(3) Did such amendment relate back to the time of the original filing, and

(4) Did the filing of the amended complaint, after the expiration of the time for bringing suit on the claim, relate back to the time of the filing of the original complaint, so as to save the claimant's rights?

The probate code, ch. 156, § 108, Laws of 1917, p. 673 [Rem. Comp. Stat., § 1478], provides that every claim shall be supported by affidavit of the claimant, and we have frequently held that this is a mandatory provision which must be strictly followed. *Dillabough v. Brady,* 115 Wash. 76, 196 Pac. 627, and cases there cited. Indeed, respondent concedes this to be the law. In the *Dillabough* case it was held that the claim could not be amended so as to supply a new and proper verification *after the time for filing claims had expired;* but that an amended claim might have been filed without an order of the court. When, as here, a claim is rejected because of insufficiency of form, we have no hesitancy in holding that, within the time allowed by law for filing, an amended claim may be filed for the purpose of curing such defect in form; that the

amended claim filed February 10, 1922, was properly filed, and that it properly presented the claim to the administratrix. Such seems to be the rule adopted in California. *Davis v. Supreme Court*, 35 Cal. App. 473, 170 Pac. 437.

The third and fourth questions are so interrelated that they may be considered together.

Appellant contends that here a suit was brought before any valid claim was filed, to enforce a claim which could only become enforcible by being properly filed within the time limited by law. At the time suit was brought, though the debt was due and unpaid, the facts necessary for its successful prosecution did not exist. It is, however, argued by respondent that this presents a question analogous to those questions heretofore decided by this court relating to the filing of certificates as to names assumed for business purposes. These questions are discussed in *Malfa v. Crisp*, 52 Wash. 509, 100 Pac. 1012; *Singmaster v. Hall*, 98 Wash. 134, 167 Pac. 136, and *McGillvray v. Columbia Salmon Co.*, 104 Wash. 623, 177 Pac. 660. Assuming, without deciding, that the same rule should be applied here, still no action was brought on the amended claim rejected on February 19, 1922, within the thirty days limited by the probate code, because the amended complaint, which was the first declaration of a cause of action on the amended claim, was not filed until November 8, 1922. Had the amended complaint been filed within thirty days after the rejection of the claim a different question would have been presented, which question we leave to be considered when presented.

We conclude that the judgment entered was erroneous, and that judgment is reversed with directions to dismiss the action.

MAIN, C. J., FULLERTON, and PARKER, JJ., concur.

PEMBERTON, J., dissents.