[No. 24025. Department Two. December 27, 1932.]

SEATTLE TRUST COMPANY, *Respondent,* v. GEORGE S. ZBINDEN, *as Executor, Appellant.*[1]

*Frank E. Hammond,* for appellant.

*Roberts, Skeel & Holman* and *W. E. Evenson,* for respondent.

MAIN, J.—This action was brought to foreclose a mortgage and to establish as a contingent claim against the estate of a deceased person the amount of the deficiency judgment, if the property covered by the mortgage did not sell for enough to satisfy the obligation secured thereby. The cause was tried to the court without a jury, and resulted in a judgment foreclosing the mortgage and establishing the deficiency, if any, as a contingent claim, from which the defendants appeal.

The facts essential to be stated are these: March 12, 1925, Arnold Zbinden delivered to the Goodwin Real Estate Company, a corporation, his promissory note for fifteen thousand dollars, due April 1, 1930, with interest at the rate of seven per cent per annum,

'Reported in 17 P. (2d) 629.

payable semi-annually. This note was secured by a mortgage upon a leasehold interest in real estate, which mortgage was recorded as both a real estate and chattel mortgage. March 31, 1925, the Goodwin Real Estate Company endorsed the note and transferred the note and mortgage to the Seattle Title Trust Company, now the Seattle Trust Company, the respondent.

September 10, 1929, Zbinden died, and the appellant, George S. Zbinden, is the surviving executor of his estate. January 14, 1930, the respondent, as a holder of the Zbinden note and mortgage, presented and filed a verified contingent claim against the Zbinden estate for the amount of any deficiency that might result after the sale of the property covered by the mortgage, in the event that the indebtedness should not be paid at its maturity. April 2, 1930, the Zbinden estate made a payment of semi-annual interest, and on April 15, 1930, paid five thousand dollars on the principal.

December 16, 1930, the claim presented by the respondent was rejected by the executor. Within thirty days thereafter, and on January 13, 1931, this action was begun, as above stated, to foreclose the mortgage and to establish as a contingent claim any deficiency that might exist after the property covered by the mortgage was exhausted.

Upon this appeal, but one question is presented, and that is whether the supporting affidavit to the claim met the requirements of the statute. Rem. Comp. Stat., § 1478, provides:

"Every claim served and filed as above provided shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no offsets to the same to the knowledge of the claimant."

It will be observed that, by this section, it is required that the supporting affidavit to a claim against the

estate of a deceased person must state (a) the amount justly due; (b) that no payments have been made thereon; and (c) that there are no offsets to the same to the knowledge of the claimant. Neither in the body of the claim now before us nor in the supporting affidavit is there any recital that there are ''no offsets'' to the claim. The question then is whether the claim is fatally defective because of this fact. In determining whether the supporting affidavit is sufficient, resort may be had to what is stated in the body of the claim. *Hall v. Superior Court,* 69 Cal. 79, 10 Pac. 257; *Allerton v. Allerton,* 133 Wash. 260, 233 Pac. 632.

In the case of *Dillabough v. Brady,* 115 Wash. 76, 196 Pac. 627, it was held that a claim against a decedent's estate was insufficient, under the statute above quoted, unless the affidavit supporting the claim stated that there were ''no offsets'' thereto. In that case, the claim presented was for a then present indebtedness, and was in no sense contingent. In *Andrews v. Kelleher,* 124 Wash. 517, 214 Pac. 1056, it was held that the verification of a contingent claim against an estate need not state, ''the amount is justly due,'' as required by the statute, above quoted, but that the verification was sufficient if it complied with that section so far as it was truthfully possible, because it was necessary that the claim be filed before it became due and payable.

The claim now before us was contingent, and whether anything would become due upon it depended upon a condition subsequent, to-wit: that the property covered by the mortgage should not sell for enough to cover the indebtedness. We adhere to the holding in the case of *Dillabough v. Brady, supra,* to the effect that the provisions of the statute ''are mandatory and must be strictly followed; [citing authorities];'' where

the claim presented is for a then present indebtedness, and is not contingent.

We think, however, that the claim now before us falls within the rule of the case of *Andrews v. Kelleher, supra,* to the effect that the verification to a contingent claim against an estate of a deceased person is sufficient where it complies with the statutory requirements "in so far as it was truthfully possible to comply with that section." In the present case, it would seem that the supporting affidavit to the claim was not required to state that there were no offsets, since, as already appears, the claim was contingent, and whether it ever became an enforcible claim against the estate was based upon something that might never happen. There could not well be "no offsets" to a claim which did not exist in law or in fact, but was only contingent at the time the supporting affidavit was made.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, and STEINERT, JJ., concur.