[No. 32907. Department One. January 15, 1955.]

MARGERY SHUMATE, *Appellant,* v. PAUL P. ASHLEY *et al.,*
*as Executors, Respondents.*[1]

*Bogle, Bogle & Gates, Tom M. Alderson,* and *George N.
Prince,* for appellant.

*Tanner, Garvin & Ashley,* for respondents.

[1]Reported in 278 P. (2d) 787.

MALLERY, J.—The plaintiff is the former wife of the deceased, Harry W. Perkins. She resides in California. After the executors of the deceased had published notice to creditors, she made a claim against the estate for money due on the property settlement made between herself and the deceased at the time of their divorce. The executors rejected the claim. Plaintiff brought suit upon it. The trial court sustained the action of the executors. The plaintiff appeals.

We are not concerned with the merits of the claim. It was rejected upon the ground that it did not meet the requirements of the probate code as to form and procedure in making claims against an estate.

We hold that it did and, hence, reverse the judgment of the trial court.

Respondents make four contentions in support of the judgment. The first is that appellant should have served a duplicate original of the claim upon the executors instead of a conformed or unsigned carbon copy, as was done. The statute respondents rely upon is RCW 11.40.010 [*cf.* Rem. Rev. Stat., § 1477], which reads:

" . . . all persons having claims against the deceased to serve them on the executor or administrator or his attorney of record, and file them with the clerk of the court, . . ."

The clerk's file is the court record. It is notice to the world of what it contains and all interested persons have access to it. It reflects the disposition of claims according to RCW 11.40.030 [*cf.* Rem. Rev. Stat., § 1479], which provides, *inter alia*:

"When a claim, accompanied by the affidavit required in RCW 11.40.020 has been served and filed, the executor or administrator shall indorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim, it shall be presented to the judge of the court, who shall in the same manner indorse on it his allowance or rejection. . . ."

We hold that the *original claim*, with its disposition noted thereon, must be filed and become a part of the court record. The executor's private file serves no purpose other

than to spare him the inconvenience of referring to the clerk's record on every occasion, and he may dispose of it arbitrarily after the close of the probate proceeding. A conformed copy for him satisfied the requirements of the statute.

If the legislature had intended to require service of an original claim upon the executor, it would have said so. It is true, as respondents contend, that the Washington state bar association's probate form No. 28, which is in general but not exclusive use, provides for the use of two duplicate originals. The committee that prepared the form in question did not have the judicial power of statutory interpretation. It would naturally and properly use an excess of caution to avoid any possible question of legality in the procedure it proposed. We are in a different position and are now called upon to say for the first time that the statute requires two duplicate original claims, one for the court and one for the executors, or that it does not. In urging that it does, respondents contend that the legislative history of the 1917 amendment to the section in question, indicates an intention of the legislature to require the use of duplicate original claims. We find no such indication either in the language of the statute or its history. We hold that the legislature did not intend to require service of a duplicate original claim upon an executor.

Respondents' second contention, in support of the judgment, is that the administrator's copy of the claim must be *signed* and the affidavit in support thereof *sealed* with a notarial seal, which was not done. To have done this would have made the claim a duplicate original as urged in respondents' first contention. The statutes do not require the signing of claims, and signatures are generally omitted. There is no place for them on the printed forms. As to the notary's seal, RCW 42.28.060, Rem. Rev. Stat., § 9904, dispenses with its use on judicial papers.

Finally, respondents contend that (3) the sending of a conformed copy of a creditor's claim by regular mail and (4) the customary affidavit of such mailing to the executors, at the address given in the notice to creditors, does not con-

stitute proper service or proper return of service of a creditor's claim.

The purpose of serving a copy of the claim upon the executor of an estate is to give him notice of the claim. RCW 4.28.230 [cf. Rem. Rev. Stat., § 244] provides:

"Notices and other papers may be served on the party or attorney in the manner prescribed in RCW 4.28.240, 4.28.250, and 4.28.260 where not otherwise provided by statute."

RCW 4.28.250, Rem. Rev. Stat., § 246, provides:

"Service by mail may be made when the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail."

RCW 4.28.260 [cf. Rem. Rev. Stat., § 247] provides:

"In case of service by mail, the papers shall be deposited in the post office, addressed to the person on whom it is served, at his place of residence, and the postage paid; and in such case the time of service shall be double that required in case of personal service."

The appellant's affidavit of mailing attached to the claim on file in the clerk's office, sets out all of the requisites of mailing as required by the statute. It, of course, does not assert that respondents received the letter. It is not necessary that it do so.

Respondents urge that the statutes referred to above are not in point because they are concerned with civil actions and this is a probate proceeding. There are no provisions in the probate code prescribing the manner for the service of claims. The civil procedure statutes apply in all cases where no other procedure is provided. See *Mitsubishi Goshi Kaisha v. Carstens Packing Co.,* 116 Wash. 630, 200 Pac. 327.

The judgment is reversed.

HAMLEY, C. J., WEAVER, and OLSON, JJ., concur.

---

February 11, 1955. Petition for rehearing denied.