CARROLL, CHAS., Chief Judge.
The appellant The First National Bank of Leesburg, as administrator cum testa-mento annexo of the estate of James H. Cunningham, seeks reversal of an order of the county judge which denied its motion to strike a claim, filed by William Rice and wife against the Cunningham estate.
. A notice to creditors was published during the tenure of the administrator first appointed, Martin Strieker [1], who later was *749 found to have lacked qualifications[2]. His appointment was revoked,[3] and appellant was appointed in his stead. Appellant, thereafter, also published a notice to creditors. The claim of the Rices was filed beyond the eight month period allowed under the law for the filing of such claims after publication of notice to creditors by the administrator who was first appointed,[4] but within the eight months following the date of the publication of the later notice to creditors by the second administrator.
It was held in the case of In re Williamson’s Estate, Fla.1957, 95 So.2d 244, 245, on rehearing, that publication of notice to creditors by the appointed representative, where his appointment was voidable as distinguished from void, was effective and binding on creditors. The question was fully analyzed and discussed by the Supreme Court in that case, and we see no need to reiterate here what was said and reasoned there as the basis for that holding, or to burden this opinion with lengthy quotations therefrom.
The Williamson case was decided during the time the instant case was pending before the county judge, whose order shows that he considered that decision before making his ruling denying the motion to strike the claim of the Rices. The county judge’s order did not show why or in what respect he felt that the Williamson case was not determinative of the question.
This court is of the opinion that the Williamson case was controlling on the question which was before the county judge, and required the granting of the motion to strike the claim of the Rices. Clearly the initial appointment was not void, but only voidable. The parties contesting that appointment and the county judge treated it as such — they, by moving for its revocation, and the court, by entering an order revoking it
It was argued on behalf of the appellees Rice and wife that an order appointing an administrator, based on a petition under which a required citation and notice was not served and given, constituted a void order rather than one which was within the jurisdiction of the court but voidable. To support that argument those appellees relied on the case of In re Bush’s Estate, Fla.1955, 80 So.2d 673, but the holding in that case does not serve their purpose.
A statement in the opinion in the Bush case to the effect that the court lacked jurisdiction over a person who did not receive a required citation, is not equivalent to holding that the order of appointment was void as distinguished from voidable. This is borne out by the fact that in the Bush case, as in the Williamson case, the statute relating to revocation under such circumstances was called into play[5]. This was one of the points determined in the Williamson case, where on considering the question of whether such an appointment was void or voidable, the Supreme Court said (95 So.2d at page 247):
*750 “The language of the statute which requires revocation of letters of administration by employing the word 'revoke’ in and of itself recognizes that there is something to revoke. If the letters of administration were void or meaningless, it would be unnecessary to ‘revoke’ them. * * *”
Therefore, on authority of In re Williamson’s Estate, supra, the order of the county judge which is appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.

. The Florida Probate Law (§ 733.15, Fla.Stat., F.S.A.) directs publication of notice to creditors as follows: “Every personal representative, after taking out letters testamentary or of administration, shall cause a notice to bo published once a week for four consecutive weeks, four publications being sufficient, in a newspaper published in the county wherein said letters have been granted, notifying all persons having claims or demands against the estate of the decedent to file their claims in the office of the county judge granting such letters, at bis office in the courthouse of said county, within eight calendar months from the time of the first publication of said notice. * *

. Strieker had petitioned alleging he was the “sole and only heir and next of kin.” On that basis no citation or notice was required to be served or given. § 732.43 (3), Fla.Stat., F.S.A.

. The revocation of Strieker’s appointment was on application of heirs, on showing' there were others entitled to preference. The statutory provision for such revocation was: “After letters of administration have been granted, if any person who is entitled to preference over the person appointed and upon whom citation was not served and who has not waived his preference seeks the appointment, letters granted may be revoked, and such person may have letters of administration granted to him after citation and hearing upon his application.” Id. § 732.44(6).

. The statute of nonclaims as contained in the Florida Probate Law provides in part that any claim not filed with the county judge “within eight months from the time of the first publication of the notice to creditors shall be void.” Id., § 733.16.

. See supra, footnote 3.