[No. 35313. Department One. July 28, 1960.]

KING COUNTY, *Respondent*, v. THE ESTATE OF MARGARET B. KNAPP *et al.*, *Appellants.*[1]

*John T. Dalton* and *Olwell, Donais & Hart* (*David H. Olwell*, of counsel), for appellants.

*Charles O. Carroll* and *Maurice M. Epstein*, for respondent.

HUNTER, J.—This is an appeal from a judgment for the plaintiff entered in an action upon a rejected creditor's claim, instituted under RCW 11.40.060.

Margaret B. Knapp died testate on April 21, 1957. Immediately prior to her death, she had been a patient at the King County Hospital in Seattle. On July 19, 1957, John F. Vaughan, attorney for one of the named beneficiaries, filed a petition for admission of the will to probate. In October

[1] Reported in 354 P. (2d) 389.

of 1957, King county served a claim, for medical and hospital services rendered to the deceased, upon Mr. Vaughan, and filed said claim with the clerk of the superior court. A contest developed and the will was not admitted to probate. John F. Vaughan withdrew and had no further connection with the estate.

On November 23, 1957, Mildred E. Baker was appointed special administratrix; on April 24, 1958, the will was admitted to probate, and Mildred Baker was named administratrix with the will annexed. First publication of notice to creditors occurred on May 2, 1958.

King county made no service of its claim upon the administratrix or her attorney of record. The claim which had been served upon John F. Vaughan was rejected and King county commenced this action within thirty days after receipt thereof, and the trial court entered judgment for the plaintiff county. The defendant appeals from that judgment.

 The appellant contends the claim is barred by respondent's failure to serve its claim upon the administratrix or her attorney of record, as prescribed by RCW 11.40.010.

We agree. The part of RCW 11.40.010 with which we are here concerned provides:

"Every executor or administrator shall, immediately after his appointment, cause to be published . . . a notice to the creditors of the deceased, *requiring all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service,* within six months after the date of the first publication of such notice. . . . If a claim be not filed within the time aforesaid, it shall be barred. . . ." (Italics ours.)

We have repeatedly held that this statute must be strictly construed, that its provisions are mandatory and that compliance with its requirements is essential to recovery. *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21 (1925); *State v. Evans,* 143 Wash. 449, 255 Pac. 1035, 53 A. L. R. 564 (1927); *In re Sykes' Estate,* 11 Wn. (2d) 278, 118 P. (2d) 961 (1941); *New York Merchandise Co. v. Stout,* 43 Wn. (2d) 825, 264 P. (2d) 863 (1953). By the clear and unambiguous language

of the statute service must be upon the executor or administrator or his (her) attorney of record. In the instant case, John F. Vaughan, the only person upon whom the claim was served, was never attorney of record for the administratrix; thus the express mandate of the statute in this regard has not been carried out.

■ Moreover, the filing prior to the appointment of the appellant as administratrix could not have been valid since such filing could not have been accompanied by the required proof of service upon the administratrix or her attorney of record.

The appellant further contends that respondent's failure to properly serve and file its claim precludes any action being brought thereon. We agree with appellant's position, in view of the unequivocal language of RCW 11.40.080:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented as herein provided."

There has clearly been a failure to make the presentation contemplated by RCW 11.40.080 since, as pointed out in the preceding discussion, the respondent's claim was never served upon the appellant administratrix or her attorney of record.

The judgment of the trial court, therefore, is reversed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

September 22, 1960. Petition for rehearing denied.