STURGIS, Judge.
The plaintiff in a negligence action appeals from a summary judgment in favor of the defendant, ex rel. administratrix c. t. a. of her deceased husband’s estate.
This action was filed September 19, 1961, and on October 11, 1961, service of process was made upon the defendant. The first publication under Section 733.15, Florida Statutes, 1959, F.S.A., of Notice to Creditors in decedent’s estate was made on February 2, 1961. It is not contended that there was any defect in the form or publication of such notice. The publisher’s affidavit of publication was filed in the probate court on March 1, 1961.
Answering the complaint, the defendant alleged that the time allowed for filing claims against said estate expired on October 2, 1961, that plaintiff filed no claim against said estate in the court wherein administration thereon was pending, and that service of process was not had upon defendant within eight months from the date of the first publication of said Notice to Creditors; that plaintiff was therefore barred from recovery. The facts stated in the answer are not controverted and the parties admit that the first and only reference in the probate court to the Notice to Creditors is the mentioned publisher’s affi-dation commonly known as “Proof of Publication.”
Section 733.15, Florida Statutes, F.S.A., is explicit in requiring the Notice to Creditors to be published “once a week for four consecutive weeks” and that “proof of said publication” be filed and recorded in the probate court. Section 733.16, Florida Statutes 1959, F.S.A., as in effect at the times pertinent to this suit, provides that a claim, as here involved, which is “not so filed within eight months from the time of the first publication of the notice to creditors shall be void * * [1]
Appellant contends, without supporting authority from this or any other jurisdiction, that publication of such notice to creditors is a nullity unless prior to the *356 first publication there is filed in the probate court a signed original of the notice to be published. There is no merit in this contention, first, because the statute does not so require, and, secondly, because it is the publication of the Notice to Creditors that effectively bars the claims of those who do not file the same within the time allotted by law. See In re Cunningham’s Estate, 104 So.2d 748 (Fla.App.); In re Williamson’s Estate, 95 So.2d 244, 65 A.L.R.2d 1195 (Fla.).
 The date of first publication commences the tolling of the time in which the claim must be filed. The proof of publication, when filed in the probate court, constitutes prima facie evidence of the facts stated therein.
Affirmed.
CARROLE, DONALD K., C. J., and RAWLS, J., concur.

. By amendment to the statute, the time for filing the claim has since been reduced to six months from said date.