HORTON, Judge.
Chester S. Deigaard died a resident of Dade County, Florida, and Sandra W. Deigaard was, on January 6, 1961, appointed administratrix with letters of administration issued to her on January 10, 1961. Her sworn petition for appointment as ad-ministratrix disclosed that she was the wife and that there were two minor children of the deceased. On January 11, 1961, Sandra W. Deigaard, as administratrix, caused a notice to creditors to be published, the last publication being on February 1, 1961. In the interim, objection to letters of administration was filed by one Ethel Elizabeth Deigaard in which she contended that Sandra W. Deigaard was without capacity to contract a valid marriage with the decedent and requested that the court investigate the relationship between the deceased and Sandra Deigaard. Upon the petition filed by Ethel Elizabeth Deigaard the county judge entered an order in which he “vacated and cancelled” the order appointing Sandra W. Deigaard as administratrix, and further, “revoked and cancelled ab initio” the letters of administration issued to her. This order, however, retained for subsequent action the original petition of Sandra W. Deigaard and the responsive pleadings thereto. The petition was subsequently heard and the county judge’s court, on May 9, 1961, entered an order denying the petition for letters of administration to Sandra W. Deigaard, in which it found that she had failed to sustain her petition and that there was no common law marriage between her and the decedent. On November 1, 1961, the county judge appointed Frank Lee Deigaard as administrator since it was determined that he was the only adult next of kin of the deceased and was entitled to preference in appointment. Letters of administration issued to Frank Lee Dei-gaard who, on November 3, 1961, commenced a second publication of notice to creditors. Thereafter, and on December 28, 1961, the appellee here filed a claim in the estate. The administrator, on May 31, 1962, filed objections to the claim, and thereupon, on June 5, 1962, the present action was instituted on the appellee’s claim in the civil court of record. To the complaint in the civil court of record the appellant, after leave of court, filed an amended answer in which he set up the bar of the provisions of §§ 733.15 and 733.16, Fla. Stat., F.S.A.[1] It was contended by the *29 answer that since Sandra Deigaard had first published notice to creditors on January 11, 1961, and the appellee’s claim was not filed until December 28, 1961, the same was barred by the non-claim statute, § 733.16, supra. Motion for summary judgment was filed on behalf of appellant with supporting affidavits and exhibits and the motion was denied. The cause went to trial and resulted in a jury verdict in favor of the ap-pellee. Upon this verdict judgment was rendered and this appeal followed.
Appellant contends that the appellee’s claim was barred by § 733.16, supra, and that therefore the judge’s denial of his motion for summary judgment in the civil court of record was error. We conclude that the appellant was eminently correct and that the trial judge should have granted the appellant’s motion for summary judgment.
The appellee has argued strenuously that since the county judge’s order not only revoked and cancelled the order appointing Sandra Deigaard as administratrix but revoked and cancelled ab initio the letters of administration, it followed that any action which she had previously taken ipso facto was void. We conclude that the cancellation ab initio of the letters of administration in the county judge’s court was pure surplusage and neither added to nor detracted from the order revoking the appointment and letters of administration to Sandra Deigaard. The county judge retained Sandra Deigaard’s petition to inquire into the merits of her claimed common law marriage to the decedent Chester Deigaard.
This case is controlled by the pronouncements of this court in the case of In re Cunningham’s Estate, Fla.App.1958, 104 So. 2d 748. It should be remembered before discussing the Cunningham case that Sandra Deigaard claimed to be the common law wife of .Chester Deigaard and as such was entitled to preference in appointment as administratrix under the provisions of § 732.44, Fla.Stat, F.S.A. Obviously the county judge’s order appointing her as ad-ministratrix could not be void ab initio for his subsequent action is proof of his hesitancy if not his indecision on that point by his retention of her petition for appointment for further action and his subsequent denial of such petition upon a finding that she was not the common law wife of the deceased.
Reverting now to the Cunningham case, it appears that one Martin Striker was appointed administrator of the estate of James H. Cunningham upon a petition alleging that he was the sole and only heir and next of kin. Striker issued a notice to creditors which was published during his tenure as administrator but he was later found to have lacked qualifications as such administrator and his appointment was revoked. The First National Bank of Leesburg, after revocation of Striker’s letters of administration, was appointed in his stead and published a second notice to creditors. Section 733.16, supra, as in the case at bar, had not been amended and required the filing of claims within eight months from the publication of the first notice to creditors. William Rice and wife filed a claim in the estate beyond the eight-months’ period after the first publication of notice to creditors under the administration of Striker, but within eight months following the date of the second publication of notice to creditors by the second administrator. The county judge denied a motion of the First National Bank of Leesburg to strike the claim filed by the Rices against the estate. The Rices argued that the order appointing administrator (Striker) based on a petition where the citation and notice is required and where it was not given constituted a void rather than a voidable order. This court rejected that argument and in an opinion reversing the order of the county judge quoted from In re Williamson’s Estate, Fla. 1957, 95 So. 2d 244, 65 A.L.R.2d 1195, as follows:
“The language of the statute which requires revocation of letters of ad *30 ministration by employing the word ‘revoke’ in and of itself recognizes that there is something to revoke. If the letters of administration were void or meaningless, it would be unnecessary to ‘revoke’ them. * * * ”
The judgment appealed is reversed and the cause is remanded for the entry of a summary judgment in favor of the appellant.

. At the time of the probate proceedings, § 733.16, supra, required the filing of claims within eight months from the time of the first publication of notice to creditors and barring any subsequent actions if the claim was not filed within that time. The statute has now been amended to further limit the time for filing claims to six months.