414

ART R. MESSER et al., Appellants, v. Estate of CHARLES D. SHANNON et al., Respondents.*

Schroeter & Farris, for appellants.

Karr, Tuttle, Campbell, Koch & Granberg and Allen & Carey, for respondents.

ROSELLINI, J.—It was alleged in the complaint in this action that in April 1957, the plaintiff mother became pregnant, and as a result of alleged negligent medical treatment on the part of Dr. Charles D. Shannon, the plaintiff mother gave birth to a child afflicted with congenital abnormalities. The child was born January 1, 1958; this complaint was filed March 2, 1962. The defendants' motion for summary judgment was granted.

On May 2, 1960, Dr. Shannon died testate at Seattle, Washington, leaving an estate subject to probate in King County. First notice to creditors was published on May 19,

*Reported in 397 P. (2d) 846.

1960, and the time for filing creditors' claims, under RCW 11.40.010, expired November 20, 1960. The plaintiffs served and filed a creditors' claim on January 11, 1962.

In their brief on appeal, the plaintiffs concede that, had the executor listed among the assets of the estate a policy of insurance which indemnified Dr. Shannon against liability for malpractice, their claim would be barred. But they contend that, inasmuch as this asset was not listed, they should be entitled to proceed against the estate and obtain a judgment, provided that judgment does not exceed the limits of the policy. They also concede that there are no cases sustaining their position, but they urge the adoption of a rule allowing an exception to the nonclaim statute in this instance because, as they contend, no harm would result to anyone involved.

■ The plaintiffs apparently wish the court to disregard the fact that the insurance company cannot be required to pay a claim against the deceased unless and until a judgment is obtained against his estate. The insurance company is liable only if the estate is liable. *State ex rel. Patchett v. Superior Court*, 60 Wn. (2d) 784, 375 P. (2d) 747. Suppose a judgment should be obtained against the estate, but when an action is brought against the insurer on the judgment, it develops that it has a valid defense, or that it is insolvent. The plaintiffs would still have their judgment against the estate, which they might attempt to satisfy out of other property of the decedent, in derogation of the rights of other creditors who complied with the statute, and of the heirs. And all estates would be subjected to the very uncertainties which the nonclaim statute was designed to eliminate.

■ It is well settled in this jurisdiction that the nonclaim statute, RCW 11.40.010, is mandatory and is strictly construed, and compliance with its requirements is essential to recovery. *In re Dorey's Estate*, 62 Wn. (2d) 152, 381 P. (2d) 626; *King Cy. v. Estate of Knapp*, 56 Wn. (2d) 558, 354 P. (2d) 389, and cases cited therein. The executor or administrator cannot waive the requirements of the statute. *In re Dorey's Estate, supra; Tucker v. Brown*, 20 Wn. (2d) 740, 150 P. (2d) 604.

In effect, the substance of the plaintiffs' theory is that, by failing to list the liability policy as an asset in the estate, the executor or administrator can waive the requirements of the nonclaim statute. We find no support for such a proposition in the statute or in the cases decided thereunder.

Neither does the plaintiffs' case suggest a compelling reason for engrafting such an exception upon the statute. The plaintiffs were in no way prejudiced by the executor's omission of the policy from the inventory. They do not pretend that they were misled or that their failure to file a claim was prompted by this omission. This failure, they say, was due to their ignorance of the full extent of the damage suffered by the child. Such lack of knowledge is in no way attributable to any action or inaction on the part of the executor. Mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations. *Harvey v. Pocock*, 92 Wash. 625, 159 Pac. 771. Whether a sound public policy dictates that causes of action should be maintainable against insurers, even when they cannot be pursued against the insured, is a question to be decided by the legislature.

In the meantime, it is the duty of this court to give effect to the public policy expressed in the statutes heretofore enacted. As we have repeatedly held, RCW 11.40.010 plainly requires the filing of all claims against the decedent, without exception, and provides that if a claim be not filed within the time provided therein, it shall be barred.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.