[No. 38786.    Department One.    May 18, 1967.]

AUGUSTA MCKINNEY, *Appellant,* v. THE ESTATE OF JOHN A. MCDONALD, *et al., Respondents.\**

*Reported in 427 P.2d 974.

Newell Smith (of Bell, Ingram & Smith), for appellant.

Julian C. Dewell (of Anderson & Hunter), for respondents.

PER CURIAM.—This action was brought after a creditor's claim for damages for personal injuries was rejected by the executrix of the alleged tort-feasor's estate. A motion for summary judgment was granted on the ground that the appellant had failed to comply with the requirement of RCW 11.40.020 which provides:

> Every claim served and filed as above provided shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no offsets to the same to the knowledge of the claimant.

The claim filed in this case was supported by an affidavit of the claimant's attorney who failed to state therein any reason why it could not be signed by the claimant.[1]

In the case of *Hammond v. Waddingham,* 127 Wash. 234, 220 Pac. 796 (1923), this court held that the provision of the statute was mandatory and that a claim which is signed by the attorney for the claimant and fails to state the reason or reasons why it cannot be signed by the claimant is invalid. Within 30 days after the rejection of the claim in that case, the claimant brought an action asking leave to file a new claim, and while the action was pending, did in fact file a new claim signed by the claimant, but failed to institute another action within 30 days after rejection of the valid claim. This court held that an action instituted more than 30 days after the rejection of the second claim could not be maintained.

---

[1] The attorney filing the affidavit on behalf of the claimant is not the attorney on appeal.

The appellant argues that the holding that a claim is invalid if it is signed by an attorney (and does not state the reason why it is not signed by the claimant) was not necessary to the decision of that case. We see no merit in this argument. An action was commenced on the first rejected claim within the time limited by law. If that claim had been valid, the court would not have directed the dismissal of the action.

■ RCW 11.40.020 was reenacted by the legislature in 1965 without amendment. When the legislature reenacts a statute which has been construed by the highest court of the state and does not amend it, it is assumed that the legislature intended to incorporate the judicial construction in the absence of compelling reason why such an assumption should not be made. *Yakima Valley Bank & Trust Co. v. Yakima Cy.*, 149 Wash. 552, 271 Pac. 820 (1928). The only argument advanced in the support of the contention that the legislature did not intend to make the provision mandatory is that an affidavit by an attorney gives just as complete notice of the claim as an affidavit by the claimant. Apparently, the legislature had reason to believe that an affidavit signed by the claimant himself would be more likely to satisfy the purposes of the statute. At any rate, the wisdom of the legislation is not a matter for consideration by this court.

The judgment is affirmed.