[No. 760-1.    Division One—Panel 1.    April 19, 1971.]

STANLEY J. GILKES, *Appellant,* v. ROBERT R. BEEZER, *as Administrator, Respondent.*

*Skeel, McKelvy, Henke, Evenson & Betts* and *W. R. McKelvy,* for appellant.

*Schweppe, Doolittle, Krug & Tausend, Robert R. Beezer,* and *Kenneth E. Rekow,* for respondent.

HOROWITZ, C.J.—This is an appeal from a summary judgment dismissing an action to recover judgment on a creditor's claim rejected by the respondent as administrator de bonis non of the estate of John Stanley Koski, deceased. Plaintiff creditor appeals.

The facts are not disputed. On December 10, 1964, Joel A. C. Rindal was appointed administrator cum testamento annexo of a purported last will and testament executed by the decedent on May 10, 1958, and codicil thereto executed June 15, 1963. A later will having been discovered, it was admitted to probate on February 16, 1967, and Mr. Rindal was appointed and qualified as administrator with the will annexed of the estate of John Stanley Koski.

On March 12, 1965, the then attorney for plaintiff Stanley J. Gilkes duly filed a creditor's claim (RCW 11.40.020) supported by the attorney's affidavit, but not identifying the affiant as claimant's attorney, containing the recital "that he is duly authorized to make this claim on behalf of the claimant." In all other respects it complied with the requirements of RCW 11.40.020.[1] On August 14, 1967, the claim was allowed both by Mr. Rindal as attorney for the estate and by the probate judge. Prior thereto, the creditor mailed to Mr. Rindal as administrator the note and mortgage described in the claim. Later Mr. Rindal resigned as administrator with will annexed, and the respondent succeeded him as administrator de bonis non of the estate

---

[1]"Every claim served and filed as above provided shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are, no offsets to the same to the knowledge of the claimant."

of the decedent. No further publication of notice to creditors was had. On January 27, 1970, the defendant, subsequent to the order of the successor probate judge, caused the previously allowed creditor's claim to be rejected on the ground, among others, that plaintiff's claim was barred by the 6-year statute of limitations. The ground so assigned is insufficient and is no longer defended; defendant now seeks to uphold the rejection of the claim on the ground that the affidavit fails to state any reason why the claimant himself could not have sworn to the affidavit.

Thereafter, plaintiff brought the action below against the defendant to recover judgment on the claim so rejected. Defendant's motion for summary judgment sets out the history of the probate proceedings. An answering affidavit was filed by plaintiff, but it raised no genuine issue as to any material fact. The sole question presented, therefore, is whether the plaintiff's claim filed in the estate and allowed by the then administrator and probate judge complies with RCW 11.40.020. If it does, the judgment below must be reversed, otherwise it must be affirmed.

█ Under the provisions of chapter 11.40 dealing with claims against estates, our probate code provides that a creditor's claim must not only be timely filed (RCW 11.40.010), but it must "be supported by the affidavit of the claimant . . ." (RCW 11.40.020) The presentation and verification of the claim is a procedural step in the settlement of the estate so as to advise the personal representative, in passing upon it, just what is claimed. The legislative requirement as to the form and content of the claim is mandatory, and unless the statute is complied with the claim is invalid and must be rejected. *In re Estate of Krueger,* 11 Wn.2d 329, 119 P.2d 312 (1941); *Hammond v. Waddingham,* 127 Wash. 234, 220 P. 796 (1923); *Dillabough v. Brady,* 115 Wash. 76, 196 P. 627 (1921); *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 P. 13 (1919). Consequently, an unverified claim is not a charge against the estate. *In re Estate of Krueger, supra.* The statute cannot be waived by executors or administrators. *Ruth v. Dight,* 75

Wn.2d 660, 453 P.2d 631 (1969); *Messer v. Estate of Shannon,* 65 Wn.2d 414, 397 P.2d 846 (1964); *In re Estate of Dorey,* 62 Wn.2d 152, 381 P.2d 626 (1963); *Dillabough v. Brady, supra; Baumgartner v. Moffatt,* 113 Wash. 493, 194 P. 392 (1920). If the affidavit of claimant fails to state that there are no offsets to the claim, the claim is insufficient. *Dillabough v. Brady, supra.*

Nevertheless, the Supreme Court has heretofore attempted to ameliorate somewhat the difficulties resulting from the rigidity of the statute. It has held that the statute does not require that the claim need be signed or that the claimant's affidavit need be sealed with a notarial seal. *Shumate v. Ashley,* 46 Wn.2d 156, 278 P.2d 787 (1955). In contingent claims, also subject to the nonclaim statute, it cannot be truthfully said that "the amount is justly due." Accordingly, such a recital may be eliminated from the affidavit (*Barovic v. Constanti,* 183 Wash. 60, 70, 48 P.2d 257 (1935); *Andrews v. Kelleher,* 124 Wash. 517, 214 P. 1056 (1923)); and the contingent claim for a deficiency judgment in the case of foreclosure of mortgage need not state that the claim is "justly due," or "that there are no offsets to the same," since there can be no offsets to a claim not justly due. *Seattle Trust Co. v. Zbinden,* 170 Wash. 692, 17 P.2d 629 (1932).

Furthermore, the court has in limited respects restricted the operative effect of the nonclaim statute. For example, a claim against an estate assertable by way of setoff against the claims of the estate or distributees thereof, need not comply with the nonclaim statute. *Peoples Nat'l Bank v. National Bank of Commerce,* 69 Wn.2d 682, 420 P.2d 208 (1966); *Larson v. A. W. Larson Constr. Co.,* 36 Wn.2d 271, 217 P.2d 789 (1950). And, in an action for mortgage foreclosure, the claim is not subject to the nonclaim statute where no personal deficiency judgment against the estate is claimed. *Locke v. Andrasko,* 178 Wash. 145, 34 P.2d 444 (1934); *Reed v. Miller,* 1 Wash. 426, 25 P. 334 (1890); *Scammon v. Ward,* 1 Wash. 179, 23 P. 439 (1890).

On the question of who is a "claimant" within the mean-

ing of RCW 11.40.020, the court has endeavored to liberalize somewhat the provision of the statute concerning who may make the affidavit. Thus, in *Hammond v. Waddingham,* 127 Wash. 234, 220 P. 796 (1923), the evidence, in an action on a rejected claim, showed that the attorney making the affidavit[2] on behalf of the claimant, although having possession of the note which was the basis of the claim, did not know and could not ascertain the whereabouts of his client. In the later case of *McKinney v. Estate of McDonald,* 71 Wn.2d 262, 263, 427 P.2d 974 (1967), the *Hammond* case was construed as holding "that a claim which is signed by the attorney for the claimant and fails to state the reason or reasons why it cannot be signed by the claimant is invalid." In *McKinney v. Estate of McDonald, supra,* the court again upheld a rejection of a creditor's claim supported by an affidavit[3] of the claimant's attorney who failed to state therein any reason why it could not be signed by the claimant. In so doing, the court said:

> RCW 11.40.020 was reenacted by the legislature in 1965 without amendment. When the legislature reenacts a statute which has been construed by the highest court of the state and does not amend it, it is assumed that the legislature intended to incorporate the judicial construction in the absence of compelling reason why such an assumption should not be made. . . . The only argument advanced in the support of the contention that the legislature did not intend to make the provision mandatory is that an affidavit by an attorney gives just as complete notice of the claim as an affidavit by the claim-

---

[2]Following name identification, the affidavit then stated: "That he is the attorney for the above named claimant; that the foregoing claim amounting to $1,012.91 is just, true and correct, and said amount is justly due said claimant from the estate of said deceased; that no payments have been made thereon except as hereinbefore stated; that there are no offsets thereto to the knowledge of claimant."

[3]Following name identification, the affidavit stated: "That he is one of the attorneys for the claimant, Augusta McKinney, and is duly authorized to make this claim on behalf of the claimant; that the amount of said claim, to-wit, the sum of $46,255.00, is justly due to said claimant, that no payments have been made thereon which are not credited and that there are no offsets to the same, to the knowledge of affiant."

· ant. Apparently, the legislature had reason to believe that an affidavit signed by the claimant himself would be more likely to satisfy the purposes of the statute. At any rate, the wisdom of the legislation is not a matter for consideration by this court.

*McKinney v. Estate of McDonald, supra* at 264.

The rigidity of the provisions in nonclaim statutes dealing with the requirements an affidavit must meet, varies in the several states. Sometimes the statute expressly permits an affidavit to be made on behalf of the claimant rather than by the claimant only; and sometimes with an added requirement that a reason be stated why the claimant does not make the affidavit. *See Tangren v. Snyder,* 13 Utah 2d 95, 368 P.2d 711 (1962); *United States Fidelity & Guar. Co. v. Keck,* 75 Cal. App. 2d 828, 171 P.2d 731 (1946); *Richison v. Morris-Morton Drug Co.,* 182 Okla. 188, 76 P.2d 1069 (1938); *Sullivan v. Southern Sur. Co.,* 118 Okla. 73, 246 P. 611 (1926). But even in such cases, there is some support for or recognition of the view that a claim stating that it is made by the agent of the claimant is not sufficient statement of reason why it is not made by the claimant himself. *See Richison v. Morris-Morton Drug Co., supra.* Nevertheless, there is a discernible tendency in the more modern cases not to take a technical view of the reasons required to be stated. Thus, in *Richison v. Morris-Morton Drug Co., supra,* the court, after reviewing the earlier rule, held that the requirements that the affiant state the reason why it is not made by the claimant himself are satisfied, in the case of a corporate creditor, by a statement that the affiant is the duly authorized agent of the claimant. *See* generally *Reeves v. Arizona Aggregate Ass'n Health & Welfare Fund,* 102 Ariz. 595, 435 P.2d 829 (1967); *Tangren v. Snyder, supra; United States Fidelity & Guar. Co. v. Keck, supra; Sullivan v. Southern Sur. Co., supra.* Because of the objections raised to technical requirements claims must meet under nonclaim statutes, Idaho, in adopting the Uniform Probate Code with amendments, has recently made unnecessary any formal affidavit to support a claim. *See* Idaho

General Laws, ch. 111, § 15-3-804 (1971) (effective July 1, 1972); Uniform Probate Code § 3-804.

■ However that may be, we are bound by the provisions of RCW 11.40.020, as construed in *McKinney v. Estate of McDonald, supra*. The fact that the note and mortgage were sent to the administrator before the claim was filed and was known to him at the time he approved the claim and at the time the court approved the claim, makes no difference. The note and mortgage themselves do not constitute the creditor's claim and are not supported by the required affidavit. Thus, in *Hammond v. Waddingham, supra*, it afterward appeared that the attorney had possession of the notes and at the time did not know and could not ascertain the whereabouts of his client. His first claim was nevertheless held properly rejected.

■ The subsequently appointed administrator, with will annexed, acted pursuant to his duty to review all claims approved by the previous administrator and to reject those which do not meet the requirements of the nonclaim statute. Moreover, the later administrator acted within his authority in rejecting the claim even though it had been previously allowed by the administrator and by ex parte order of the probate court. The provisions of the statute are mandatory and cannot be waived by the administrator or the probate judge (*Ruth v. Dight, supra; Messer v. Estate of Shannon, supra; In re Estate of Dorey, supra; Dillabough v. Brady, supra;* and *Baumgartner v. Moffatt, supra*); waiver of the statutory requirement requires the consent of all affected parties and hence cannot be achieved by ex parte orders of the probate court. Such orders are of an interim nature—not final judgments—and, therefore, reviewable at a later hearing upon proper notice to the interested parties. *See In re Deming*, 192 Wash. 190, 73 P.2d 764 (1937); *In re Rudonick*, 76 Wn.2d 117, 456 P.2d 96 (1969). *See also In re Estate of Shea*, 69 Wn.2d 899, 421 P.2d 356 (1966). The time for filing claims pursuant to published notice to creditors had expired prior to the appointment of the defendant as administrator with will annexed. Accord-

ingly, the defendant was under no duty to republish notice to creditors so as to permit plaintiff to file a new creditor's claim complying with the statutory requirements. RCW 11.40.150. *See In re Estate of Williamson,* 95 So. 2d 244, 65 A.L.R.2d 1195 (Fla. 1957); *Deigaard v. Baya,* 163 So. 2d 27 (Fla. App. 1964); *In re Estate of Cunningham,* 104 So. 2d 748 (Fla. App. 1958). The fact that there was no review of the action taken either when the claim was allowed or rejected is immaterial because the statute makes no provision for such review. *Schluneger v. Seattle-First Nat'l Bank,* 48 Wn.2d 188, 292 P.2d 203 (1956). The sole remedy in the case of rejected claims is suit against the personal representative within 30 days after notice of rejection. Otherwise, the claim is barred. RCW 11.40.060; *Schluneger v. Seattle-First Nat'l Bank, supra.*

The issue of possible remedy based upon the mortgage lien securing the rejected note is not before us, and we make no determination thereon.

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied May 26, 1971.

Review denied by Supreme Court July 1, 1971.