**CHAS. H. STEFFEY, INC., Successor to EBEN CORPORATION By Merger, Plaintiff**

**v.**

**THE ESTATE OF DR. MAURICE PETION SAVAIN, Defendant**

Civil No. 350/1976

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 18, 1978

JOHN B. NICHOLS, ESQ. (NICHOLS & SILVERLIGHT), Attorneys and Counsellors at law, Christiansted, St. Croix, V.I., *for plaintiff*

JAMES L. HYMES, III, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for defendant*

PETERSEN, *Judge*

MEMORANDUM OPINION AND ORDER

The plaintiff, Chas. H. Steffey, Inc., successor to Eben Corporation by merger, brought an action in the Municipal Court of the Virgin Islands, on June 25, 1976, for debt and damages against the defendant, the Estate of Dr. Maurice Petion Savain, deceased.

The intestate, Dr. Savain, was a tenant at Apartment 113, Estate Thomas Apartments, Sugar Estate, St. Thomas. The written lease provided for monthly rental payments of $180.00 from the period of August 15, 1970, to July 31, 1971. On August 22, 1971, Dr. Savain was involved in a fishing boat accident and his body was never recovered. Probate proceedings were begun on August 30, 1971, in the District Court of the Virgin Islands with the filing of a petition for adjudication of death and appointment of administratrix by Margarita Ziri Savain, the wife and widow, by her attorneys, Grunert, Stout, Hymes and Mayer. On September 24, 1971, Chief Judge Almeric L. Christian decreed that Dr. Savain died at sea by drowning

on August 22, 1971, and instructed the Commissioner of Health to prepare the necessary death certificate. Notice of appointment of administratrix and notice to creditors was published in the then *Home Journal* on January 29, 1972, for four (4) consecutive weeks.

The plaintiff alleges that the defendant held over as a tenant, retaining possession of the premises until May 1972, at which time the decedent's administratrix removed the decedent's property and returned the keys to the premises. The plaintiff further alleges that during the occupancy of the leased premises, said premises were damaged and rendered unusable for residential purposes by the alterations made by the decedent's operation of a dental office.

The defendant contends that the intestate did not hold over and that any and all alterations made by the intestate were done with the express permission of the plaintiff.

The plaintiff relies on 4 V.I.C. § 74,[1] in its contention that the Municipal Court had jurisdiction over the cause of action.

Section 74 provided in pertinent part:

> The Municipal Court has original jurisdiction concurrently with the District Court: (1) of all civil actions wherein the matter in controversy exceeds the sum or value of $500.00, exclusive of interest and costs, but does not exceed the sum or value of $10,000.00, exclusive of interest and costs.

The defendant has raised five affirmative defenses: (1) the Municipal Court is without jurisdiction, (2) the complaint failed to state a claim upon which the Municipal Court could grant relief; (3) the claim is barred by the statute of limitations; (4) the claim has been waived; and (5) the plaintiff is guilty of laches and should be estopped from asserting the claim.

---

[1] Title 4 V.I.C. § 74, subsequent to the filing of this action, was amended by Act No. 3876, September 9, 1976, which enlarges the jurisdiction of the court.

Pursuant to the affirmative defense of lack of jurisdiction over the parties and subject matter, the defendant moved for dismissal of complaint in reliance upon Fed R. Civ. P. 12 and 5 V.I.C. App. IV, R 7. The defendant asserts that at the time the instant complaint was filed, the *exclusive jurisdiction* over the subject matter and person was in the District Court of the Virgin Islands and relies upon 15 V.I.C. § 161. Said section states in pertinent part as follows:

[T]he District Court has jurisdiction and the power to administer justice in all matters relating to the *affairs of* decedents, . . . to try and determine all questions, legal or equitable, arising between . . . any party and any other *person having any claim* or interest therein . . . as to any and all matters necessary to be determined in order to make full, equitable, and complete disposition of the matter by such order or decree as justice requires, . . . and in addition to and without limitation or restriction on the foregoing powers, to . . . (3) direct and control the conduct and *settle the accounts,* of executors and *administrators;* (4) *direct the payment of debts . . . of the estates of intestates. . . .* (Emphasis added.)

A thorough search of reported Virgin Islands opinions reveals that the District Court is the only court mentioned as having jurisdiction over the administration of estates as well as over claims and charges against the estate.

Subsequent to the filing of this action, Title 4 V.I.C. was amended by Act No. 3876, September 9, 1976, which changed the name of the Municipal Court to the Territorial Court of the Virgin Islands and enlarged its jurisdiction. Title 4 V.I.C. § 76, concerning the concurrent jurisdiction of the Territorial Court, now states that:

(a) The territorial court shall have original jurisdiction concurrent with that of the district court in all civil actions wherein the matter in controversy exceeds the sum of $500 but does not exceed the sum of $50,000; *to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees;* to hear and determine juvenile, divorce, annulment and separation proceedings . . . . (Emphasis added.)

Had the legislature intended that jurisdiction over probate matters should vest in the Municipal Court of the Virgin Islands undoubtedly such intention would have been clearly delineated. Absent clear language to that effect no such intention can be attributed to the legislature. Moreover, in view of the clear expression in Act No. 3876, September 9, 1976, there was no such express statutory language upon which the plaintiff could have reasonably based its reliance prior to the enactment of said Act.

Even assuming arguendo that the Municipal Court had jurisdiction, the substance of the plaintiff's complaint asserts a claim against the decedent's estate. Chapter 23 of Title 15 of the Virgin Islands Code delineates the proper method and procedure for filing claims and charges against the estate of the deceased. Section 393 states that:

> Every claim presented to the executor or administrator shall be verified by the affidavit of the claimant, or someone on his behalf who has personal knowledge of the facts, to the effect that the amount claimed is justly due; that no payments have been made thereon, except as stated; and that there is no just counterclaim to the same, to the knowledge of the affiant. When it appears or is alleged that there is any written evidence of such claim the same may be demanded by the executor or administrator, or he may demand that its nonproduction be accounted for.

The plaintiff at bar has not complied with the form and spirit of 15 V.I.C. § 393 in that no affidavit whatsoever has been filed. The presentation and verification of a claim is the initial procedural step that a creditor should follow in the settlement of estates so that the legal representative or fiduciary can act completely after knowing just what is claimed. A majority of jurisdictions hold that a claim can be established against a decedent's estate only by a presentation and allowance by the legal representative followed by probate court approval, or by judgment upon a claim in an action against the personal representative. See e.g. State ex rel. O Gin v. Mayhue, 46 P.2d 317,

318 (Okla. 1970); Gilbert v. Beezer, 484 P.2d 493, 495 (Wash. App. 1971); New England Merchants National Bank v. McKinnon, 307 A.2d 225, 227 (Me. 1973); In re Estate of Hardin, 212 S.E.2d 750, 752 (W.Va. 1975); Marshall & Isley Bank v. Palmer, 233 N.W.2d 396, 398 (Wis. 1975); In re Estate of Dennis, 11 V.I. 18 (D.V.I. 1974); In re Estate of Erikson, 11 V.I. 30 (D.V.I. 1974).

The purpose of the provision in 15 V.I.C. § 393, requiring proof of claim as condition precedent to approval or rejection of claims by the executor or administrator,[2] and court determination of claims refused by the executor or administrator[3] is to properly inform the fiduciary as to all the pertinent facts relating to the claim.

Chapter 23 of Title 15 V.I.C. delineates the steps to be followed concerning court determinations of claims. Title 15 V.I.C. § 395 states that:

> If any executor or administrator refuses to allow any claim or demand against the deceased after it has been exhibited to him in accordance with the provisions of this subchapter, the claimant may present his claim to the court or the judge thereof for allowance, giving the executor or administrator thirty (30) days' notice of such application to the court. The District Court shall hear and determine in a summary manner all demands against any estate in accordance with the provisions of this chapter, and which have been so rejected by the executor or administrator, and shall cause a concise entry of the order of allowance or rejection to be made on the record. The order shall have the force and effect of a judgment, from which an appeal may be taken as in ordinary cases. No claim which has been rejected by the executor or administrator as aforesaid shall be allowed by the court, *except upon some competent or satisfactory evidence other than the testimony of the claimant.* No claim shall be allowed by the executor or administrator or the District Court which is barred by the statute of limitations.

Many courts hold that the legislative requirement as to form and content of the claim is mandatory and unless the

[2] 15 V.I.C. § 394.
[3] 15 V.I.C. § 395.

statute has been fully complied with, the claim is declared invalid and has to be rejected. See Gilkes v. Beezer, supra wherein the court upheld a rejection of a creditor's claim supported by an affidavit of the claimant's attorney who failed to state therein any reason why the claimant didn't sign or was unable to sign.

Based on the foregoing conclusions, it is hereby

ORDERED that the defendant's motion to dismiss be and the same is hereby granted.

