In the Matter of the Estate of HUGO DENNIS, Deceased

Probate No. 39-1973

District Court of the Virgin Islands

Div. of St. Croix

October 18, 1974

C. DE WITT ROGERS, Christiansted, St. Croix, V.I., *attorney of record*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

Maud Sergent and Victor Dennis (herein sometimes referred to as "claimants"), brother and sister of Hugo Dennis, "decedent", made a claim against decedent's estate for two-thirds of the fair rental value of an apartment occupied by decedent for five years prior to his death. The apartment is one of the three apartments in buildings described as 16 and 17-A Strand Street, Christiansted, owned by decedent and the claimants as tenants in common. The property was purchased by the three persons with Victor Dennis putting up $3,000.00 and Maud Sergent $1,000.00 of the down payment. The balance of the purchase price was evidenced by a purchase money mortgage signed by all three co-owners. Decedent was made a one-third owner of the property because of the close ties in the family and in consideration of services that he was to perform in repairing, remodeling and maintaining the apartments. Claimants do not dispute the ownership interest of decedent in the property, although they now express some remiss in that he was given an equal one-third share.

Decedent moved into one of the apartments five years prior to his death. He collected the rents on the other two and applied the sums to the mortgage and to the maintenance of the apartments. The remainder of rental income,

when there was any, was divided equally among the co-owners. Decedent did not pay any rent for his own apartment during this time, and, typical of relations among members of a close family, no written agreements were made. Claimants assert that there was an understanding that after all mortgage indebtedness were to have been paid completely, they would then start receiving and be recompensed for their two-third's share of the fair rental value of decedent's apartment. However, decedent died while there was still a mortgage indebtedness outstanding. The administratrix rejected this claim and claimants have appealed the rejection of their claim to this Court.

■ 15 V.I.C., 395 provides that the Court may not allow claims rejected by an executor or administrator except on "competent or satisfactory evidence *other than the testimony* of the claimant" (emphasis supplied). The claim of Victor Dennis and Maud Sergent has a certain appeal; however, the Court is bound by Section 395 and must deny the claim. The claimants have not provided any evidence other than their own testimony in support of their claim.

■■ After decedent's death, Victor Dennis has been collecting the rents on two of the apartments, and decedent's widow (who is also the administratrix) has been living in the same apartment previously occupied by her and decedent and she has not been paying rent to the estate nor to the co-owners. Victor Dennis has been making the mortgage payments out of the rents that he has been collecting. Decedent was also liable on the mortgage; therefore, his estate is responsible for one-third of the mortgage payments and other expenses of the property since date of death and should have received one-third of the rents from the property including the apartment occupied by the widow.

Since decedent's death (February 26, 1973), twenty monthly payments of the mortgage have been made, each in

the amount of $195.00, totaling $3,900.00. Each claimant has a valid claim of $650.00 against the estate for the estate's one-third share of the mortgage payments. Claimants also have a valid claim against the estate for one-third of all other property expenses incurred since date of death, such as, but not limited to, insurance, taxes and maintenance.

The estate should have been collecting one-third of the rents from the property, and the widow should have been paying rent on the apartment she occupied. The fair rental values of the apartments for this accounting between owners can be said to be equal at a rental of $150.00 per month for each apartment. Administration of this property will be eased if the estate collects the rent from one of the three apartments and Victor Dennis on his own behalf and on behalf of his sister, collects from the other two apartments, as he has been doing. By this treatment, the estate has no rental income claim against claimants, but it has against the widow. The rental claim against the widow would be $3,000.00 as of the end of October, 1974. However, this claim may be subject in whole or in part to an appropriate widow's allowance covering the same period of occupancy by the widow in the event that a widow's allowance has not already been awarded.

### ORDER

For the reasons set forth in the foregoing memorandum, it is ORDERED:

1. The claim of Victor Dennis and Maud Sergent for two-thirds of the fair rental value of the apartment occupied by the deceased prior to his death is DENIED;

2. Victor Dennis and Maud Sergent shall be allowed a claim of $1,300.00 from the estate for the estate's share of the mortgage payments since decedent's death;

3. Decedent's widow, Jean Dennis, shall be responsible to the estate for $3,000.00, being the rental value of the apartment occupied by her since decedent's death and she shall continue to be obligated for such rental values until the estate is closed.

4. If claimants Victor Dennis and Maud Sergent have incurred and paid other property expenses, such as taxes, insurance and maintenance, to which the estate has not contributed, then they may present a claim for one-third amount thereof, documented by an appropriate accounting and vouchers.