

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2009

# James Jackman v. Estate of Felix Pitterson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"James Jackman v. Estate of Felix Pitterson" (2009). *2009 Decisions.* Paper 1087.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1087

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3445
_____

JAMES JACKMAN,

Appellant,

v.

IN THE MATTER OF THE ESTATE OF FELIX PITTERSON,

Appellee.

_____

APPEAL FROM A JUDGMENT OF THE
DISTRICT COURT OF THE VIRGIN ISLANDS,
APPELLATE DIVISION
(D.C. Crim. No. 04-cv-00147)
Chief Judge: Honorable Curtis V. Gomez
District Judge: Honorable Stanley S. Brotman
Superior Court Judge: Honorable Leon A. Kendall

_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: BARRY, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: July 01, 2009)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

James Jackman appeals the District Court's judgment affirming the decision of the Virgin Islands Superior Court (Territorial Court). We will affirm.

I.

Because we write exclusively for the parties, we recount only the facts necessary to our decision.

This case arises from a probate dispute in which Jackman contests the Estate of Felix Pitterson's rejection of his property claim. Jackman contends that he is entitled to an unspecified parcel of land under the equitable doctrine of past performance. The Territorial Court (sitting in probate) first granted Jackman's claim but reserved the issue of the portion of the property to be awarded, pending additional briefing. The Court then reversed itself, *sua sponte*, holding that, without adequate evidence as to the portion of the property claimed by Jackman, his claim must fail.

Jackman argues that the Territorial Court: (1) erred by *sua sponte* reversing itself and denying his property claim; and (2) wrongfully ordered his eviction from the property. On appeal, the District Court denied Jackman's motion to stay his eviction from Pitterson's property after concluding that his claim was unfounded. Jackman filed this timely appeal.

2

II.

Our review of the record leads us to conclude that the District Court was correct to affirm the Territorial Court's denial of Jackman's property claim, albeit for the wrong reason. Although we agree with the District Court and the Territorial Court that Jackman's claim fails on the merits,[1] the District Court should not have reached the merits because Jackman failed to satisfy the evidentiary standard of 15 V.I.C. § 395.

Section 395 provides, in pertinent part, that "[n]o claim which has been rejected by the executor or administrator . . . shall be allowed by the court, except upon some competent or satisfactory evidence *other than the testimony of the claimant*." (emphasis added).

Thus, claims against an estate that are not corroborated by evidence other than a claimant's testimony will be denied. *See, e.g.*, *In re Estate of Erikson*, Probate No. 72/14 1974 U.S. Dist. LEXIS 5911 (D.V.I. Nov. 7, 1974); *In re Estate of Dennis*, Probate No. 39/1973 1974 U.S. Dist. LEXIS 6234 (D.V.I. Oct. 18, 1974).

Here, the Territorial Court initially granted Jackman's property claim by relying almost exclusively on Jackman's uncorroborated testimony at trial. Indeed, besides Jackman's extensive testimony, the record is devoid of any evidence to establish that

---

[1] Jackman's testimony at trial conflicted with the evidence presented insofar as his testimony concerning an alleged implied agreement between himself and Pitterson was not supported by their written contract. Even more fundamentally, Jackman's inability to describe the size, location, and other essential characteristics of the land in question doomed his claim.

Jackman and Pitterson had an agreement as to a specific parcel of land. In light of the clear language of 15 V.I.C. § 395, the Territorial Court should not have made factual findings based on Jackman's testimony alone, and we will affirm the judgment of the District Court as to Jackman's property claim on that basis. Finally, because, as discussed above, Jackman did not demonstrate a likelihood of success on the merits of his claim, the District Court did not err in denying Jackman's motion to stay his removal from the property.